147 F.3d 1163
 98 Cal. Daily Op. Serv. 5338, 98 Daily Journal
D.A.R. 7481
Cecil E. SNODGRASS, M.D., and the marital community; Denise
Snodgrass, and the marital community,
Plaintiffs-counter-defendants-Appellees,
v.
PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, a foreign
insurance corporation, Defendant-counter-claimant-Appellant.
 No. 97-35274.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 7, 1997.
Decided July 7, 1998.
 
 Lisa E. Lear, Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, OR, for defendant-counterclaimant-appellant.
 Robert G. Nylander, Cutler & Nylander, Seattle, WA, for plaintiffs-counterdefendants-appellees.
 Appeal from the United States District Court for the Western District of Washington; Franklin D. Burgess, District Judge, Presiding. D.C. No. CV-96-05328-FDB.
 Before: FLETCHER and BEEZER, Circuit Judges, and SCHWARZER,* District Judge.
 PER CURIAM.
 
 
 1
 The appeal in this case requires us to determine whether the district court abused its discretion in declining to exercise jurisdiction over an action that included a claim for declaratory relief. Under the Declaratory Judgment Act, 28 U.S.C. § 2201, a district court has discretion to decline jurisdiction in actions seeking declaratory relief. We conclude that the district court abused its discretion in this case. We reverse and remand with instructions that the district court resume jurisdiction of the case and proceed to the merits of the dispute.
 
 
 2
 * Cecil Snodgrass ("Snodgrass") is an emergency room physician and surgeon who suffered a serious injury to his dominant hand in October 1994 and claims to be permanently disabled from working as a surgeon. Snodgrass submitted a timely proof of loss to Provident Life & Accident Insurance Company ("Provident") as required by his disability insurance policy. Snodgrass claimed disability payments from the date of his injury until his sixty-fifth birthday. Provident made payments to Snodgrass under the policy from July 1995 to October 1995 but then refused to make further disbursements. Snodgrass and his wife filed suit in state court, claiming breach of contract, violations of Washington State insurance and consumer laws, negligence and intentional infliction of emotional distress. They sought actual and punitive damages, fees and costs, and a declaration that Snodgrass is totally disabled within the meaning of the policy and will remain so throughout the life of the policy. Provident answered and counterclaimed, alleging that the policy is void because Snodgrass committed fraud on his disability insurance application by giving inadequate answers to questions about his personal history. Provident counterclaimed for recovery of the benefits it previously paid to Snodgrass.
 
 
 3
 Soon after Snodgrass and his wife filed their complaint, Provident removed the case to federal district court, invoking diversity jurisdiction. The case met both the complete diversity and amount in controversy requirements for the exercise of the district court's diversity jurisdiction. See 28 U.S.C. § 1332(a). Snodgrass and his wife are citizens of the State of Washington; Provident is a foreign corporation with its principal place of business in the State of Tennessee. In addition, the amount in controversy exceeds the $75,000 statutory requirement. Snodgrass and his wife did not challenge removal of the case. On its own motion, however, the district court ordered the parties to show cause why the case should not be remanded back to state court pursuant to the Declaratory Judgment Act and our previous decisions interpreting the discretionary jurisdictional rule of that statute. After hearing argument on the question, the district court issued an order remanding the case to state court. Provident timely appealed.
 
 II
 
 4
 Before examining the propriety of the district court's decision to remand this case to state court, we must address a preliminary question concerning our own jurisdiction, namely: Do we have jurisdiction to review, on direct appeal, a remand order entered pursuant to the Declaratory Judgment Act? The parties have not contested our jurisdiction to hear this appeal, but we have an independent obligation to ensure that our appellate jurisdiction has been properly invoked. See WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1135 (9th Cir.1997) (en banc). It appears that no Circuit has previously determined whether a remand under the Declaratory Judgment Act is reviewable, nor whether an appeal is the appropriate avenue for review.
 
 
 5
 Ordinarily, a district court's order remanding a case to the state court in which it was originally filed is not reviewable. Section 1447(d) of U.S.C. title 28 provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." The Supreme Court has repeatedly held, however, that the broad prohibition in § 1447(d) "must be read in para materia with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711-12, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (internal citations and quotation marks omitted). Section 1447(c) governs only "ordinary" remands, that is, remands "based on lack of subject matter jurisdiction or defects in removal procedure." Id. at 712, 116 S.Ct. 1712. "Exceptional" remand orders, entered pursuant to some doctrine or authority other than § 1447(c), are not subject to § 1447(d)'s prohibition. See id. at 711-12, 116 S.Ct. 1712. A remand order entered pursuant to the discretionary jurisdiction provision of the Declaratory Judgment Act is just such an "exceptional" remand. Thus, § 1447(d) poses no obstacle to our review of a remand under the Declaratory Judgment Act.
 
 
 6
 A question remains concerning whether an appeal or a writ of mandamus is the proper procedural vehicle for review of a Declaratory Judgment Act remand. A writ of mandamus is an extraordinary remedy that "is not available when the same review may be obtained through contemporaneous ordinary appeal." Clorox Co. v. U.S. Dist. Ct. for the Northern Dist. of Cal., 779 F.2d 517, 519 (9th Cir.1985). We have previously held that a remand order is reviewable on appeal under 28 U.S.C. § 1291 if the order resolves the merits of an issue of substantive law "apart from any jurisdictional decision." Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 276 (9th Cir.1984); see also Survival Systems v. U.S. Dist. Ct. for the Southern Dist. of Cal., 825 F.2d 1416, 1418 (9th Cir.1987); Clorox, 779 F.2d at 520.[1]
 
 
 7
 The Supreme Court's decision in Quackenbush refined and expanded our test for determining whether an exceptional remand order is reviewable on appeal. In Quackenbush, the Supreme Court held that an appeal is the proper procedural vehicle for review of a remand based on Burford abstention where either of the conditions set forth in the alternate holdings of Moses H. Cone Memorial Hospital v. Mercury Constr. Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), is met. 517 U.S. at 712-13, 116 S.Ct. 1712. First, a remand order is appealable if it puts the litigants "effectively out of court" and has the effect "precisely to surrender jurisdiction of a federal suit to a state court." Id. at 713, 116 S.Ct. 1712 (internal citations and quotation marks omitted). In the alternative, a remand order is reviewable on appeal if it fits within the narrow class of collateral orders that are "immediately appealable under § 1291 because they conclusively determine a disputed question that is completely separate from the merits of the action, effectively unreviewable on appeal from a final judgment, and too important to be denied review." Id. at 712, 116 S.Ct. 1712 (internal citations and quotation marks omitted).
 
 
 8
 The remand at issue in this case meets both of these alternate tests. As the Supreme Court recognized in Quackenbush, "[w]hen a district court remands a case to a state court, the district court disassociates itself from the case entirely, retaining nothing of the matter on the federal court's docket." Id. at 714, 116 S.Ct. 1712. The district court's remand order in this case put the parties "effectively out of court" by depriving them of a federal forum for their diversity claims. Moreover, the remand order had the effect "precisely to surrender jurisdiction of a federal suit to a state court" because it compelled the parties to resolve their diversity claims for breach of contract, violation of Washington State insurance and consumer laws, negligence and intentional infliction of emotional distress in state court.
 
 
 9
 The district court's remand order is likewise appealable under the collateral order doctrine. The remand order conclusively determined a disputed question completely separate from the merits, namely, whether the district court's discretion to decline jurisdiction under the Declaratory Judgment Act was properly exercised. The district court's decision to remand could not be reviewed on appeal from the final judgment ultimately entered by the state court. Finally, in accord with our recent emphasis on clarifying the responsibilities of district courts under the Declaratory Judgment Act, see Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1221 (9th Cir.1998) (en banc) ("GEICO "), we conclude that the question of the district court's discretion to decline jurisdiction under the Declaratory Judgment Act is too important to be denied review.
 
 
 10
 The district court's remand order in this case is functionally indistinguishable from the remand order at issue in Quackenbush. Because the district court's remand order under the Declaratory Judgment Act meets both conditions set forth in the alternate holdings of Moses H. Cone Memorial Hospital v. Mercury Constr. Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), we conclude that an appeal is the appropriate procedural vehicle for reviewing the remand order.
 
 III
 
 11
 Turning to the merits of this appeal, Provident claims that the district court erred in declining jurisdiction over the present dispute. Under the Declaratory Judgment Act, a district court may decline to exercise jurisdiction over a declaratory action even though subject matter jurisdiction is otherwise proper. See 28 U.S.C. § 2201(a);[2] Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). In enacting the Declaratory Judgment Act, "Congress ... created an opportunity, rather than a duty, [for a district court] to grant a new form of relief to qualifying litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 288, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). In assessing actions for declaratory judgment, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Id. We review a district court's decision to decline jurisdiction under the Declaratory Judgment Act for abuse of discretion. See id. at 289, 115 S.Ct. 2137.
 
 
 12
 This is not the sort of case that we are ordinarily called upon to review in examining the exercise of discretionary jurisdiction under the Declaratory Judgment Act. Most cases in this field involve actions that are purely or primarily declaratory in nature: typically, claims in which an insurance company seeks a declaration that it has no duty to defend a third party in an underlying dispute. See, e.g., Employers Reinsurance Corp. v. Karussos, 65 F.3d 796, 798-99 (9th Cir.1995), overruled on other grounds by GEICO, 133 F.3d at 1227; Continental Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1369 (9th Cir.1991), overruled on other grounds by GEICO, 133 F.3d at 1227. In such cases, the request for a declaration lies at the heart of the action before the district court.[3] In contrast, the essence of this case is a suit for damages: Snodgrass claims that the insurance company is directly liable to him under a contractual obligation, and the insurance company claims that the insurance policy is void.
 
 
 13
 We consider whether Snodgrass' claims as pleaded provided an independent basis for jurisdiction. If so, the district court's dismissal under the Declaratory Judgment Act constituted an abuse of discretion. As we recently explained, "when other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." GEICO, 133 F.3d at 1225. Claims that exist independent of the request for a declaration are not subject to the Declaratory Judgment Act's discretionary jurisdictional rule. See Maryland Cas. Co. v. Knight, 96 F.3d 1284, 1289 & n. 6 (9th Cir.1996). They invoke the " 'virtually unflagging' " obligation of the district court to hear jurisdictionally sufficient claims. First State Ins. Co. v. Callan Assocs., Inc., 113 F.3d 161, 163 (9th Cir.1997) (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)). Remanding only the declaratory component of such an action will frequently produce piecemeal litigation, see GEICO, 133 F.3d at 1226, a result which the Declaratory Judgment Act was intended to avoid, rather than promote, see Knight, 96 F.3d at 1289.
 
 
 14
 On several occasions, we have affirmed the district court's decision to exercise jurisdiction under the Declaratory Judgment Act where the dismissal of claims for declaratory relief "would not have saved the district court from having to adjudicate the controversy and deal with state law issues." St. Paul Fire & Marine Ins. Co. v. F.H., 117 F.3d 435, 438 (9th Cir.1997), overruled on other grounds by GEICO, 133 F.3d at 1227; see also First State, 113 F.3d at 163; Knight, 96 F.3d at 1289; Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1367 (9th Cir.1991). Where the dismissal of claims for declaratory relief would require "an independent and unnecessary state lawsuit that would be duplicated by the damages lawsuit that the district court was compelled to retain," see St. Paul Fire, 117 F.3d at 438, a district court should retain jurisdiction over the declaratory claims to avoid duplicative litigation.
 
 
 15
 In this case, the district court applied an erroneous standard to determine whether there were claims independent of Snodgrass' request for declaratory relief. The district court concluded that "there [was] no claim or counterclaim ... unrelated to the declaratory action," Order of Remand at 3 (emphasis added), and therefore declined to exercise jurisdiction over the entire action.
 
 
 16
 The appropriate inquiry for a district court in a Declaratory Judgment Act case is to determine whether there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case. See Knight, 96 F.3d at 1289; Chamberlain, 931 F.2d at 1367. In the present action, the majority of the claims before the district court fit this description. Specifically, Snodgrass' claims for monetary relief alleging breach of contract, violation of Washington State insurance and consumer laws, negligence and intentional infliction of emotional distress independently satisfied the requirements for exercise of the district court's diversity jurisdiction. See 28 U.S.C. § 1332(a).
 
 
 17
 The district court erred in concluding that this dispute was purely, or even primarily, a "declaratory" action that would be subject to the Declaratory Judgment Act's discretionary jurisdictional provisions. The district court's decision to remand the case to state court constituted a clear abuse of discretion.
 
 
 18
 We REVERSE the order of the district court and REMAND with instructions that the district court retain jurisdiction of the case.
 
 
 19
 REVERSED AND REMANDED.
 
 
 
 *
 Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 [1]
 We have also held that where an exceptional remand order did not meet our criteria for review on appeal, review through a petition for a writ of mandamus might be appropriate under certain circumstances. See Price v. PSA, Inc., 829 F.2d 871, 874 (9th Cir.1987); Survival Systems v. U.S. Dist. Ct. for Southern Dist. of Cal., 825 F.2d 1416, 1418 (9th Cir.1987). The Supreme Court's decision in Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711-14, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996), expanded our criteria for appellate review, but did not address the circumstances under which mandamus may be available if review through appeal is foreclosed
 
 
 [2]
 28 U.S.C. § 2201(a) provides:
 In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.
 
 
 [3]
 Employers Reinsurance Corp. v. Karussos, on which the district court relied, concerned which of two insurance companies, if any, had a duty to defend a third party in an underlying dispute. 65 F.3d 796, 798 (9th Cir.1995). The complaint asked the district court to order Transamerica Insurance Company to pay its share of defense costs only if the district court first declared that Employers Reinsurance Corporation and Transamerica shared a duty to defend Karussos. Id. We rejected the parties' attempt to characterize the case as an action for a money judgment because it was "plainly one for a declaratory judgment." Id. at 801. Karussos does not control where, as here, independent claims for monetary relief are joined with a request for declaratory judgment