ST. PAUL FIRE & MARINE INSUR-
ANCE COMPANY, a Minnesota cor-
poration, Plaintiff—Appellant,

v.

NONPROFITS UNITED, a California
non-profit public benefits corporation;
Aon Risk Services, Inc., of Northern
California Insurance Services, Defen-
dants—Appellees.

No. 02–17135.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2003.*

Decided Jan. 8, 2004.

Paul E. Vallone, Ann L. Strayer, Hin-
shaw and Culbertson, San Francisco, CA,
Bethany K. Culp, Esq., Hinshaw & Cul-
bertson, Minneapolis, MN, for Plaintiff–
Appellant.

Teresa Jenkins Main, John H. Banister,
Esq., Bell, Rosenberg & Hughes LLP,
Oakland, CA, Eric W. Schnurpfeil, Esq.,
Aon Corporation Law Division, San Fran-
cisco, CA, for Defendants–Appellees.  D.C.
No. CV–02–3175–PJH.

Before TASHIMA, THOMAS, and
SILVERMAN, Circuit Judges.

MEMORANDUM **

St. Paul Fire & Marine Insurance Com-
pany ("St.Paul") appeals the district
court's order staying its federal declarato-
ry relief action against Nonprofits United
("Nonprofits") and Aon Risk Services, Inc.,
of Northern California Insurance Services
("Aon"), due to a pending state court ac-
tion between the parties.[1]  We have juris-

---

* The panel unanimously finds this case suitable
for decision without oral argument.  See Fed.
R.App. P. 34(a)(2)(C).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the
facts, we do not recite them here except as
necessary to aid in understanding this disposi-
tion.

diction to review the propriety of the stay pursuant to 12 U.S.C. § 1291. *See Wilton v. Seven Falls Co.,* 515 U.S. 277, 280–81, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) ("a district court's order staying federal proceedings in favor of pending state litigation is a 'final decisio[n]' appealable under 28 U.S.C. § 1291") (alteration in the original) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 10, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). We affirm.

Although the district court issued the stay under both *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and, alternatively, *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), St. Paul only challenges the district court's stay under the abstention doctrine of *Colorado River.*

In *Wilton,* the Supreme Court held that the discretionary standard of *Brillhart,* and not the "exceptional circumstances" test developed in *Colorado River,* controls a district court's decision to stay a purely declaratory judgment action during the pendency of parallel state court proceedings. *See* 515 U.S. at 289–90, 115 S.Ct. 2137. Therefore, as long as no claim exists independent of St. Paul's claim for declaratory relief, the discretionary rule of *Brillhart* applies. *See Snodgrass v. Provident Life & Accident Ins. Co.,* 147 F.3d 1163, 1167 (9th Cir.1998).

■ Like the district court, we conclude that St. Paul's second cause of action against Aon for equitable relief, indemnity, and contribution is not ripe. *See Laub v. United States Dep't of the Interior,* 342 F.3d 1080, 1084 (9th Cir.2003) ("Ripeness is a question of law we review de novo.").

"A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States,* 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) (internal quotation marks omitted). Subject matter jurisdiction does not exist over claims which are not ripe for adjudication. *See Cardenas v. Anzai,* 311 F.3d 929, 933 (9th Cir.2001). Because St. Paul's claim for equitable relief, indemnity, and contribution is contingent on a future finding that St. Paul is liable to Nonprofits in the pending state court proceeding, the cause of action is not ripe and is not "independent in the sense that it could be litigated in federal court even if no declaratory claim had been filed." *United Nat'l Ins. Co. v. R & D Latex Corp.,* 242 F.3d 1102, 1113 (9th Cir. 2001). Therefore, the district court's decision to abstain is controlled by the discretionary *Brillhart* standard. *See Wilton,* 515 U.S. at 289–90, 115 S.Ct. 2137 (reviewing the district court's decision to abstain for an abuse of discretion).

■ Here, the district did not abuse its discretion in staying the action to avoid: (1) needless decisions of state law; (2) forum shopping; and (3) duplicative litigation. *See Gov't Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1225 (9th Cir.1998) (en banc) (citing non-exhaustive factors from *Brillhart* ).[2] The district court's order staying the declaratory relief action, is accordingly

AFFIRMED.

2. Because we conclude that the district court's stay was proper under *Brillhart,* we need not address whether the district court abused its discretion in abstaining under the *Colorado River* doctrine.