Lawrence PETRICCA, et al., Plaintiffs,

v.

FDIC, et al., Defendants.

No. CIV.A.02–40038–NMG.

United States District Court,
D. Massachusetts.

July 7, 2004.

Gregory A. Herrion/Rebecca Gielman, Springfield, MA. Adrian A. Gaudier, Gaudier & Gaudier Southbridge MA, for John Wilson.

Asa Erasion, pro se.

Eric M. Chodkowski/James J. Duane, Taylor, Duane, Barton & Gilman, Boston, MA, for CNF Associates.

## MEMORANDUM & ORDER

GORTON, District Judge.

This case arises from a dispute over the ownership of a promissory note. Pending before the Court are motions by the defendants for clarification and to dismiss the complaint.

### I. *Background*

The case has a complicated procedural history. It arises from a 1997 Worcester Superior Court case, Superior Court Civil Action 97–2504A, ("the 1997 action") which involved a convoluted dispute over the ownership of a promissory note. Lawrence Petricca, a resident of New Ipswich, New Hampshire, ("Petricca") was the Trustee of both L & L Realty Trust ("L & L") and TLP Nominee Trust ("TLP"). Leonard Petricca ("Leonard") who apparently is Lawrence Petricca's son, was also a Trustee of L & L. In June of 1996, L & L owned real property located at 35 Graham Street and 94 Pleasant Street, in Gardiner, Massachusetts (collectively "the Premises"). The Premises were subject to an adjustable rate promissory note ("the Note") executed in December 1987 payable to the Winchendon Savings Bank and subsequently assigned to the Federal Deposit Insurance Corporation ("the FDIC").

In 1995, the FDIC foreclosed on the Premises and one year later the FDIC sold the Note to CNF First Associates, LLP ("CNF"). In May 1997, either Asa Eresian ("Eresian") or John Wilson ("Wilson") acting as Eresian's agent negotiated to purchase the Note. Wilson is a Massachusetts resident and is the Trustee of JW Realty Trust ("JW"). Eresian is a Massachusetts resident and is Trustee of Number 14 Duxbury Realty Trust, partial successor-in-interest to JW.

What happened next is a matter of considerable dispute. The defendants maintain that: 1) Wilson/Eresian paid the agreed-upon consideration for the Note, 2) in June, 1997 the Note was assigned to Wilson and/or Eresian, who, in turn, assigned it to JW, and 3) on June 25, 1997, Wilson, as trustee of JW, filed the 1997 action against Petricca, Leonard and L & L to collect on the Note. The defendants further contend and the Massachusetts Superior Court, in fact, has found that, after protracted litigation during which Petricca failed to comply with numerous, specific orders of the Court, default judgment should be entered against Petricca, Leonard and L & L. Accordingly, on October 18, 2001, Wilson was awarded damages in the amount of $892,038. Petricca filed an appeal of that default judgment which is currently pending before the Massachusetts Appeals Court.

Petricca maintains that, to the contrary, 1) Wilson/Eresian never paid the agreed-upon consideration for the Note in 1997, 2) on March 2, 2001, CNF entered into negotiations with his daughter, Tara Petricca ("Tara"), for the sale of the Note, 3) on September 24, 2001 CNF assigned the Note to Tara for $20,000, and 4) the following day, Tara assigned the note to TLP, of which Petricca is the Trustee and sole beneficiary, and TLP, in turn, discharged and released Leonard and Petricca from all obligations under the Note. The difference between the two versions of the facts is worth 'just under One Million Dollars!

As a result of their discontent with the outcome of the 1997 action, on November 16, 2001, Petricca and Tara filed a civil action in Worcester Superior Court against the FDIC, Wilson, Eresian, Rose Castro, Daniel Ladd, NCO Financial Systems, Inc., Leonard Petricca and CNF for de-

claratory judgment that he was the rightful owner of the Note (which was at issue in the 1997 action). Most of the original defendants were involved in the 1997 action.

On March 5, 2002, the second case was removed from Worcester Superior Court to this Court by the FDIC. Since that time, not only have a several defendants been dismissed but also cross claims have been added and dismissed and Petricca has amended his complaint four times. As the case currently stands, the Fourth Amended complaint of Petricca and Tara against the remaining defendants Wilson, Eresian and CNF seeks declaratory relief that Petricca is the "holder" of the note in question (Count I). It also alleges that Eresian and Wilson are liable for abuse of process (Count II) and that CNF is liable for fraud (Count III), breach of warranty (Count IV) and breach of contract and unjust enrichment (Count V). The pending case is before this Court on grounds of diversity wherein it is alleged that Petricca is a New Hampshire resident, Tara is an Alaska resident, Wilson and Eresian are Massachusetts residents, CNF is an Oklahoma corporation and the matter in controversy exceeds $890,000.

On January 29, 2004, defendants Wilson and Eresian filed a joint motion for more definitive statement or to dismiss for lack of subject matter jurisdiction and on February 3, 2004, defendant CNF filed its own motion to dismiss. Plaintiffs oppose those motions.

## II. *Discussion*

### A. *Defendant CNF's Motion to Dismiss*

Defendant CNF has filed a motion to dismiss the complaint because it is duplicative of the claims raised in *John Wilson et al. v. Lawrence Petricca, et al.*, Civil Action No. 97–2504A, i.e. the 1997 action, which is on appeal to the Massachusetts

Court of Appeals or, in the alternative, to stay this action pending the outcome of that appeal. In addition CNF argues that the Court should dismiss Count III of the complaint because the plaintiffs have failed to state their claim with the particularity required by Fed.R.Civ.P. 9(b), and that the Court should dismiss Counts III and V pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted.

The plaintiffs oppose this motion. They argue that the suit is not duplicative of the 1997 action because it requests different relief from that sought in state court, namely a declaratory judgment as to who is the owner of the Note, and because the state court entered a default judgment and never reached the merits of the claims before it. The plaintiffs argue that the issues before the Massachusetts Appeals Court are, therefore, different than those before this Court because the Appeals Court is concerned only with the question of whether default judgment was properly entered in the 1997 action. In addition, plaintiffs argue that, because the so-called *Rooker–Feldman* doctrine is not applicable in this matter, the case cannot be dismissed and that, furthermore, the fraud claim was pled with sufficient particularity.

While neither party has correctly stated the pending issue of law, CNF's motion to dismiss the case pending the outcome of the appeal in the 1997 action will be allowed. The plaintiffs concede that this case is, at its core, a request to find Petricca the owner of the Note. The United States Supreme Court held in *Wilton v. Seven Falls Co.*, 515 U.S. 277, 279, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) that in suits for declaratory judgment federal courts have discretion to dismiss and/or stay federal actions due to duplicative

state court proceedings.[1] In that case the Supreme Court held that the distinct features of the Declaratory Judgment Act "justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the 'exceptional circumstances' test of *Colorado River [Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) ]." *Id.* at 286, 115 S.Ct. 2137.

■ A court in deciding whether to exercise its broad discretion to dismiss an action pending the outcome of a parallel state action should compare the nexus between the two suits, considering the totality of the circumstances. *Atlas Copco Construction Tools Inc. v. Allied Construction Products, LLC,* 307 F.Supp.2d 228, 232–33 (D.Mass.2004). In deciding whether to hear a claim for declaratory judgment, the district court should consider the scope of the pending state proceeding and the nature of defenses open there, an inquiry which involves consideration of: 1) whether the claims of all parties in interest can be adjudicated satisfactorily in the state proceedings, 2) whether necessary parties have been joined, 3) whether all necessary parties are amenable to process in the state proceeding and 4) the virtue of avoiding "uneconomical" or "vexatious" proceedings and "gratuitous interference" by a federal court with an orderly and comprehensive suit in state court, presenting the same issues, not governed by federal law between the same parties. *Wilton,* 515 U.S. at 283–83, 115 S.Ct. 2137 (citing *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)).

■ Here the plaintiffs concede that the only difference between the pending case and the 1997 action is that, in this case, the plaintiffs seek declaratory judgment that they are the owners of the Note. Although the facts and procedural history of this case are as a tangled thicket, it seems that all of the pending claims can and ought to be adjudicated in the state proceeding, all necessary parties have been joined in the state proceeding and all necessary parties are amenable to process in the state proceeding. To permit this mirror image of the 1997 action to proceed would be uneconomical and a gratuitous interference in a state court proceeding which involves only state law issues that have already reached the appellate level.

The plaintiffs' contention that this case should not be dismissed or stayed because the so-called *Rooker–Feldman* doctrine "does not preclude a federal court from taking jurisdiction over a case previously in state court, if the state court did not reach the merit" is unfounded. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) stand for the proposition that federal courts do not have jurisdiction pursuant to 42 U.S.C. § 1983 to review the judgments and decisions of state courts. As such, the *Rooker–Feldman* doctrine is irrelevant to the issue before the Court, namely whether it should stay a federal claim for declaratory judgment which is duplicative of a pending state court action.

■ Finally, the plaintiffs' argument that because the 1997 action was decided by a default judgment their rights are, in some way, preserved for re-trial in federal court is incorrect. Fed.R.Civ.P. 41(b) pro-

---

**1.** It should be noted that in cases such as this there is little functional difference between a stay and dismissal because, as discussed *infra,* the state judgment will have *res judicata* effect once finally decided.

vides that any dismissal other than a dismissal for lack of jurisdiction, improper venue or failure to join a party under Rule 19 "operates as an adjudication on the merits." A default judgment has the same force as any other state court judgment. For example, *res judicata* applies to a state court judgment by default as well as to one that has actually been litigated, because *res judicata* requires only that the losing party had the full and fair *opportunity* to litigate the claim. *See, Morris v. Jones*, 329 U.S. 545, 550–51, 67 S.Ct. 451, 91 L.Ed. 488 (1947), *Rhode Island Hospital Trust National Bank v. Ohio Casualty Ins. Co.*, 789 F.2d 74, 81 (1st Cir.1986).

In sum, this case is duplicative of an already existing state court action. It would be both intrusive and a waste of time and money for this Court to allow the continuation of this case during the pendency of the appeal of the 1997 action. Moreover, it is within the Court's discretion to dismiss this matter without prejudice pending the outcome of the state litigation. Therefore, the CNF's motion to dismiss will be allowed and the case will be dismissed without prejudice.

B. *Motion to Dismiss of the Defendants Wilson and Eresian*

Defendants Wilson and Eresian have filed a motion for a more definitive statement or, in the alternative, to dismiss Counts I and II of the complaint for lack of subject matter jurisdiction. They argue that the Complaint is so vague and ambiguous that they are unable to form a responsive pleading to it. Because the Court will dismiss the complaint without prejudice, this motion will be denied as moot.

### ORDER

For the reasons stated in the foregoing memorandum, defendant CNF's motion to dismiss the complaint (Docket No. 53) is ALLOWED and the action is DISMISSED without prejudice; the motion of defendants Wilson and Eresian for clarification (Docket No. 52) is DISMISSED as moot.

**So ordered.**