Dino M. ZAFFINA, Plaintiff–Appellant,

v.

TWENTIETH CENTURY FOX FILM CORPORATION, a California corporation, a/k/a Twentieth Century Fox Television; Global Entertainment Partners, LLC, a California limited liability company, a/k/a EPSG Management Services, f/k/a Entertainment Partners, Inc., Defendants–Appellees.

No. 05–55245.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2007.*

Filed Feb. 21, 2007.

Robert E. Racine, Esq., Law Offices of Robert E. Racine, Glendale, CA, for Plaintiff-Appellant.

Mykhanh P. Shelton, Esq., Ann Calfas, Esq., Fox Inc. Legal Dept., Brian F. Van Vleck, Esq., Akin Gump Strauss Hauer & Feld, LLP, Los Angeles, CA, for Defendants-Appellees.

Before: PREGERSON, W. FLETCHER, and BERZON, Circuit Judges.

## MEMORANDUM **

We dismiss this appeal for lack of jurisdiction. The district court's order granting in part and denying in part Zaffina's ex parte application for remand ("Order"), from which Zaffina now appeals, is not a final judgment under 28 U.S.C. § 1291. In the Order, the district court concluded that two of Zaffina's claims were preempted under Section 301 of the Labor–Management Relations Act, 29 U.S.C. § 185(a). The court retained jurisdiction over those two preempted claims and remanded the non-preempted claims to state court. The Order addressed the court's subject matter jurisdiction only and did not reach the merits of the preempted claims under federal labor law. The docket confirms that Defendants–Appellees never moved to dismiss the preempted claims, nor did Zaffina voluntarily dismiss them for the purposes of appeal. In short, the district court never issued a final judgment as to the claims over which it retained jurisdiction.

Zaffina provides no authority for the conclusion that the Order he appeals from was a final judgment under Section 1291. In every case he cites for the proposition that jurisdiction is proper, the district court had disposed of all the claims prior to the appeal. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 710, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) ("The District Court did not stay its hand pending the California courts' resolution of the setoff

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

issue, but instead remanded the entire case to state court."); *Gregory v. SCIE, LLC,* 317 F.3d 1050, 1051 (9th Cir.2003) (dismissing with prejudice preempted claims and remanding non-preempted claim to state court); *Cramer v. Consol. Freightways, Inc.,* 255 F.3d 683, 688–89 (9th Cir.2001) (en banc) (granting motions to dismiss based on Section 301 preemption as to all plaintiffs governed by collective bargaining agreement, and remanding claims of those employees not covered by the agreement to state court); *Niehaus v. Greyhound Lines, Inc.,* 173 F.3d 1207, 1209 (9th Cir.1999) ("After disposing of all of Niehaus' federal claims, the district court held that his remaining state law claims were not preempted by federal labor law and remanded the matter to state court."); *Snodgrass v. Provident Life & Acc. Ins. Co.,* 147 F.3d 1163, 1165 (9th Cir.1998) ("After hearing argument on the question, the district court issued an order remanding the case to state court."). Because Zaffina did not appeal from a final judgment of the district court pursuant to Section 1291, we do not have jurisdiction to consider this appeal.

**DISMISSED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.