**SEATON INSURANCE COMPANY (f/k/a Unigard Mutual Insurance Company) and Stonewall Insurance Company, Plaintiffs,**

v.

**CLEARWATER INSURANCE COMPANY (f/k/a Skandia America Reinsurance Corporation), Defendant.**

C.A. No. 09–516 S.

United States District Court,
D. Rhode Island.

Sept. 2, 2010.

reasons discussed below, the Court agrees with the R & R that the motion should be denied.

## II. Background

In May 2009, Clearwater filed a declaratory judgment action against Plaintiffs in Connecticut Superior Court, arguing there was no coverage for losses Seaton and Stonewall incurred regarding certain asbestos-related claims. *See Clearwater Ins. Co. v. Stonewall Ins. Co. and Seaton Ins. Co.*, Docket No. FSTCV–09–4016468–S (Conn.Super. Ct. at Stamford). Five months later, Seaton and Stonewall filed their own complaint in federal court on the basis of diversity jurisdiction, seeking monetary relief for Clearwater's alleged breaches of contract and a declaration of the respective rights and obligations of the parties. Plaintiffs' claims involve the same two reinsurance contracts at issue in the Connecticut matter; however, they also raise claims under eleven additional contracts between the parties.

In Connecticut, Seaton and Stonewall filed a motion to dismiss or stay, arguing that the less complex state case should yield to the later-filed federal case. Judge Karazin of the Connecticut Superior Court agreed and stayed the case, stating in his Order that "the federal court is the better forum." (*See* R & R at 2, C.A. No. 09–516, EFC No. 18, Feb. 4, 2010, 2010 WL 3529442.) Clearwater then filed a motion to stay or dismiss the federal court action, and the R & R recommends that it be denied.

## III. Standard of Review

█ The parties dispute whether the Court must conduct a *de novo* review of the R & R or merely determine whether it was "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a). The debate is academic, because Clearwater's objection

Thomas M. Robinson, Esq., Morrison Mahoney LLP, Providence, RI, John T. Harding, Esq., Morrison Mahoney LLP, Boston, MA, for Plaintiffs.

Dana M. Horton, Esq., Robinson & Cole LLP, Providence, RI, John P. Malloy, Esq., Robinson & Cole LLP, Hartford, CT, for Defendant.

## OPINION AND ORDER

WILLIAM E. SMITH, District Judge.

## I. Introduction

The narrow issue before this Court is whether abstention is appropriate because a related case, first-filed by Defendant Clearwater Insurance Co. ("Clearwater" or "Defendant") against Plaintiffs Seaton Insurance Co. and Stonewall Insurance Co. ("Seaton" and "Stonewall" or collectively "Plaintiffs") regarding two reinsurance agreements, is stayed in Connecticut Superior Court. Defendant moves to dismiss or stay Plaintiffs' claims in this Court, arguing for abstention. The Court referred the matter to Magistrate Judge Lincoln Almond, who issued a Report and Recommendation ("R & R") that this Court deny Defendant's motion. For the

targets the legal framework Judge Almond selected for the abstention analysis. Even the "clearly erroneous" standard established by 28 U.S.C. § 636(b)(1)(A) for non-dispositive decisions by a magistrate judge requires *de novo* review of "the magistrate judge's legal conclusions." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D.Cal.2007). The Court therefore reviews the legal issues governing the question of abstention *de novo*.

IV. Analysis

■ Judge Almond concluded that Clearwater failed to demonstrate the "exceptional circumstances" necessary to justify abstention under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Abstention, *Colorado River* stressed, "is the exception, not the rule," and federal courts should therefore hesitate to relinquish jurisdiction. *Id.* Judge Almond determined that Clearwater could not show a sufficiently compelling reason to abstain pursuant to the *Colorado River* factors,[1] and moreover that there was no risk of duplicative litigation because the Connecticut action had been stayed.

Clearwater appears to concede that it cannot show any "exceptional circumstances" that would call for abstention under *Colorado River*. However, it objects

that Judge Almond chose the wrong legal test for this dispute. The correct rule, it insists, appears in *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), which sets forth a "more forgiving, discretionary standard" for actions in which the litigant seeks relief under the Declaratory Judgment Act. *Standard Fire Ins. Co. v. Gordon*, 376 F.Supp.2d 218, 223 (D.R.I.2005) (discussing the *Wilton* standard). In those cases, unlike with the "exceptional circumstances" rule of *Colorado River*, the federal court retains "broad discretion" to abstain. *Wilton*, 515 U.S. at 281, 115 S.Ct. 2137. Because the case involves "inherently intertwined" claims for declaratory relief and damages (*see* R & R at 4), Clearwater reasons that *Wilton*, and not *Colorado River*, should control the inquiry.

This brings the Court to the present dilemma: it is well-settled that there is a more lenient abstention standard for declaratory claims, which fall under *Wilton*, than for so-called "coercive" claims seeking damages or injunctive relief, which fall under *Colorado River*.[2] Which, then, of the conflicting standards applies when an action presents both types of claims? The parties expend much energy briefing this question, but it ultimately matters little. As fully explained below, even under the standard most favorable to Clearwater,

---

1. In applying *Colorado River*, the Court must balance a number of non-exclusive factors, including:

(1) whether either court has assumed jurisdiction over a *res;* (2) the [geographical] inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction.

*Rio Grande Comty. Health Ctr. v. Rullan*, 397 F.3d 56, 71–72 (1st Cir.2005).

2. While not critical to this dispute, it is also true that within the "coercive" category, there is a more limited remedy for legal claims, as opposed to injunctive claims. In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 718, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996), the Supreme Court stated that while federal courts may dismiss or remand in equitable cases, "those principles do not support the outright dismissal or remand of damages actions." *Id.* at 707, 116 S.Ct. 1712.

Judge Almond reached the correct conclusion.

To be sure, the Court might choose from among a range of methods adopted by various federal courts to tackle the problem. Presented with mixed coercive and declaratory claims in *Rossi v. Gemma,* 489 F.3d 26 (1st Cir.2007), the First Circuit opted for a surgical approach, conducting a separate abstention analysis for each claim. It first found that abstention was proper for the plaintiff's § 1983 claims under the doctrine set forth in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *See Rossi,* 489 F.3d at 38. Next, it considered whether to abstain from hearing Plaintiffs' state law claims for declaratory relief and damages. The Court stated that *Colorado River* did not apply to Plaintiffs' request for a declaratory judgment, and affirmed that it was within the district court's discretion to dismiss the claim under the *Wilton* standard. *Id.* (citing *Wilton,* 515 U.S. at 288–89, 115 S.Ct. 2137). As for the legal claims, *Rossi* left no doubt that the defendant would have to satisfy the more demanding *Colorado River* test to demonstrate that abstention was appropriate. However, it elected to "bypass" the abstention analysis altogether, because it found the district court had properly declined to exercise supplemental jurisdiction over the state damages claims. *Id.* at 39, 91 S.Ct. 746.

There are also many formulas other than *Rossi's* disentanglement technique. Some decisions appear to create a presumption in favor of using *Wilton* to assess mingled declaratory and coercive claims. *See ITT Indus., Inc. v. Pacific Emp'rs Ins. Co.,* 427 F.Supp.2d 552, 557 (E.D.Pa.2006) ("To apply the *Colorado River* standard to actions containing both declaratory judgment and coercive claims without an analysis of the facts at hand would be to ignore the Supreme Court's specific recognition that declaratory judgment actions necessitate a different treatment than other types of cases.") At the other end of the spectrum, some courts find that the *Wilton* discretionary standard is *per se* supplanted by the harsher *Colorado River* test whenever an action includes both declaratory and non-frivolous coercive claims. *See Kelly Inv., Inc. v. Cont'l Common Corp.,* 315 F.3d 494, 497 n. 4 (5th Cir.2002) (applying *Colorado River* standard to all claims); *Village of Westfield, N.Y. v. Welch's,* 170 F.3d 116, 124 n. 5 (2d Cir. 1999) (applying *Colorado River* standard to all claims). Somewhere in the middle fall cases that seek to discern the "essence" of the matter. *See Royal Indem. Co. v. Apex Oil Co.,* 511 F.3d 788, 793 (8th Cir.2008) ("essence" of the case was declaratory judgment); *see also ITT Indus.,* 427 F.Supp.2d at 557 (deciding that the "heart" of a case that required interpreting an insurance contract was an action for declaratory relief). Still other courts proclaim that jurisdiction is discretionary for declaratory claims and mandatory for legal claims—subject to *Colorado River* constraints—if the legal claims can exist independently of requests for declaratory relief. *See United Nat'l Ins. Co. v. R & D Latex Corp.,* 242 F.3d 1102, 1112 (9th Cir. 2001) (quoting *Snodgrass v. Provident Life & Accident Ins. Co.,* 147 F.3d 1163, 1167–68 (9th Cir.1998)); *R.R. Street & Co. v. Vulcan Materials Co.,* 569 F.3d 711 (7th Cir.2009).

There is no need to go through all that here. The bottom line is that, regardless of the legal test, Clearwater fails to persuade the Court that abstention is warranted. That is, even if the Court concluded that the "essence" of this dispute is a declaratory judgment proceeding, and therefore that *Wilton* governs the abstention evaluation for the entire action, it

would still keep jurisdiction over the case.[3] For purposes of analysis, the Court therefore lets Clearwater off the hook for its failure to demonstrate "exceptional circumstances"—even though a strict reading of *Rossi* requires the court to apply *Colorado River* to the legal claims—and instead applies the *Wilton* test to all claims.

Courts should consider five factors to determine whether abstention under *Wilton* is appropriate:

> (1) whether the same parties are involved in both cases; (2) whether the claims made in the declaratory judgment action can be adjudicated in the state court action; (3) whether resolution of the declaratory judgment action turns on factual questions that will be litigated in the state court action; (4) whether the issues presented are governed by state or federal law; and (5) what effect the declaratory judgment action is likely to have on potential conflicts of interest between the insurer and the insured.

*Standard Fire,* 376 F.Supp.2d at 225 n. 8 (citing *Employers Mut. Cas. Co. v. PIC Contractors, Inc.,* 24 F.Supp.2d 212, 215 (D.R.I.1998) and *Aetna Cas. & Sur. Co. v. Kelly,* 889 F.Supp. 535, 539–40 (D.R.I. 1995)). These factors "should not be used as a 'mechanical checklist,' but rather must be carefully balanced as they apply in a given case." *Standard Fire,* 376 F.Supp.2d at 225 (citing *Petricca v. FDIC,* 349 F.Supp.2d 64, 67 (D.Mass.2004)).

In this case, the balance of factors leans away from abstention. As for the first two factors, it is true that the same parties and two of the same contracts are involved. The claims, however, are more comprehensive in federal court because of the additional contracts at issue here, and because the damages claims are absent from the state case. Because the state court therefore would not be able to dispose of all claims, the desirability of avoiding piecemeal legislation weighs heavily in favor of retaining jurisdiction. There is also no inconvenience to the parties to litigate the claims here; rather, this presents an opportunity to resolve all issues between the parties in one proceeding. Moreover, while the Court may be tempted to say that both the state and federal forums are adequate to deal with the issues that do appear in both actions, the state court has already concluded that "the federal forum is the better forum." (*See* R & R at 2.)

As for the third factor, there are no common factual issues that could be determined by the state court, because each claim will turn on a legal determination of coverage. In this situation, proceeding with the federal lawsuit "is generally appropriate," whereas when common factual questions will also be litigated in the state court, "practicality and wise judicial administration would counsel against proceeding with the [federal] action." *Standard Fire,* 376 F.Supp.2d at 227.

Concerning the fourth factor, it is true that state contract law will govern both the legal and declaratory claims. In this case, however, that fact does not necessarily give the state court any advantage over this Court, nor create a greater interest in resolving the claims in Connecticut. While neither party has fully briefed choice-of-law issues, Clearwater does not refute Sea-

---

**3.** Despite the First Circuit's suggestion that "[the parties] may wish to consider whether continuation of a stayed federal action is worthwhile[,]" at present writing, the monetary claims from *Rossi* remain stayed, cluttering up this Court's docket. *Rossi v. Gemma,* 489 F.3d 26, 40 (1st Cir.2007). As a result, this Court has first-hand knowledge of the consequences that result from applying the inconsistent standards and remedies of the abstention doctrine.

ton's allegations that the facts here have little connection to Connecticut, and that it is therefore unlikely that Connecticut law would apply. In addition, Seaton is correct that this Court is capable of addressing facultative reinsurance disputes between ceding companies and reinsurers. *See, e.g., Affiliated F.M. Ins. Co. v. Emp'rs Reinsurance Corp.*, 369 F.Supp.2d 217 (D.R.I.2005). Thus, Clearwater has not demonstrated that resolving the state-law issues in this forum would be "difficult, complex, or otherwise problematic," which would weigh in favor of abstention. *Standard Fire*, 376 F.Supp.2d at 231.

Finally, regarding the fifth factor, the parties do not identify any conflicts of interest, and there is no indication that deciding any of the claims would have an adverse effect on such conflicts if they should arise.

Ultimately, the only consideration that places any significant weight on the abstention side of the scale is the fact that, as Judge Almond noted, Plaintiffs' forum shopping should be discouraged. That, however, is not enough. In light of the *Wilton/Standard Fire* factors discussed above, the circumstances still tilt toward letting all claims proceed in this Court.

V.   Conclusion

For the reasons set forth above, the Court DENIES Defendant Clearwater's objection to the R & R, and therefore DENIES Defendant's Motion to Dismiss or Stay.

IT IS SO ORDERED.