**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PADRES HACIA UNA VIDA MEJOR,
an unincorporated association,

Plaintiff,

EL PUEBLO PARA EL AIRE Y AGUA
LIMPIO, an unincorporated association,

Plaintiff - Appellant,

v.

GINA MCCARTHY,[*] in her official
capacity as Administrator of the U.S.
Environmental Protection Agency; and
U.S. ENVIRONMENTAL PROTECTION
AGENCY,

Defendants - Appellees.

No. 13-15633

D.C. No. 1:11-cv-01094-AWI-BAM

MEMORANDUM[**]

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

---

[*] Gina McCarthy is substituted for her predecessor, Lisa Jackson, as Administrator of the U.S. Environmental Protection Agency, pursuant to Fed. R. App. P. 43(c).

Argued and Submitted June 10, 2015
San Francisco, California

Before:  SILVERMAN, GOULD, and HURWITZ, Circuit Judges.

Plaintiff El Pueblo Para El Aire y Agua Limpio appeals from the district court's dismissal of its action against the EPA pursuant to 5 U.S.C. § 706(1) of the Administrative Procedures Act to compel agency action unlawfully withheld or unreasonably delayed.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we **AFFIRM**.

In its complaint, El Pueblo along with co-Plaintiff Padres Hacia Una Vida Mejor[1] brought claims against the EPA seeking injunctive and declaratory relief, which were dismissed by the district court.  On appeal, El Pueblo only challenges the district court's dismissal of its claim for declaratory relief.  El Pueblo does not challenge the district court's dismissal of its claims for injunctive relief.

El Pueblo argues that the district court erred in dismissing its claim for declaratory relief as moot.  However, a review of the district court's order shows that the district court did not dismiss El Pueblo's claim for declaratory relief on mootness grounds.  Rather, the district court dismissed El Pueblo's claim for

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[1] Co-Plaintiff Padres Hacia does not appeal the district court's dismissal order.

declaratory relief on the grounds that "there is no useful purpose that would be served by granting Plaintiffs' requested declaratory relief."

"Federal courts do not have a duty to grant declaratory judgment; therefore, it is within a district court's discretion to dismiss an action for declaratory judgment." *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 533 (9th Cir. 2008). In determining whether maintaining jurisdiction over a declaratory judgment action is appropriate, a district court is to consider a variety of factors, including whether retaining jurisdiction would "serve a useful purpose in clarifying the legal relations at issue." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1107 (9th Cir. 2011). We review a district court's decision to decline jurisdiction over a declaratory judgment action for abuse of discretion. *Snodgrass v. Provident Life & Accident Ins. Co.*, 147 F.3d 1163, 1166-67 (9th Cir. 1998) (per curiam).

In deciding whether to exercise its jurisdiction to issue a declaratory judgment, the district judge expressed sympathy for the Plaintiffs' position, and found that the agency's seventeen-year delay in processing the complaint was "simply deplorable." We share those views. Indeed, the agency conceded at oral argument that the delay in processing the Title VI complaint was unreasonable under any standard. But the district court was also well aware that we had already condemned the agency's delays in processing Title VI complaints, *see Rosemere*

*Neighborhood Ass'n v. EPA*, 581 F.3d 1169, 1175 (9th Cir. 2009), and was presented with evidence about the EPA's recent efforts to address the problem. It was in light of these facts, its commonsense conclusion that "[d]efendants will not be able to contest that it took an astounding 17 years to meet the 180 day deadline in Plaintiffs' prior Title VI complaint, irrespective of any declaration," and its finding that declaratory relief would serve "no useful purpose" with respect to a complaint that had been already resolved, that the district judge decided not to grant declaratory relief.

We assume for today's purposes that the district court would have been within its discretion in granting declaratory relief notwithstanding all the factors noted. But, given the broad latitude afforded to district courts under the Declaratory Judgment Act, 28 U.S.C. § 2201; *see Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222-23 (9th Cir. 1998) (en banc), we can find no abuse of discretion in its decision not to do so.

**AFFIRMED.**

El Pueblo Para El Aire Y Agua v. Lisa Jackson, 13-15633

GOULD, Circuit Judge, Dissenting

I respectfully dissent from denial of declaratory relief.  We have said that a district court abuses its discretion when it makes a decision that is illogical.  *See United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009).  To my thinking it is illogical for a district court to conclude that declaratory relief would "serve no useful purpose" when a request for such relief is presented to a court following a delay of more than 17 years by a federal agency in reaching a resolution of an important federal law question facing the EPA.  Would it not be a useful purpose for the district court to tell EPA that it should not sit for more than 17 years on a Title VI complaint about allegedly discriminatory placement of hazardous waste sites in a community that is primarily inhabited by the disadvantaged?  The poor and powerless who inhabit the areas where the sites were placed do not have a lot of ability to marshal political forces  in their favor, and I would have thought that part of the reasoning of Congress in Title VI was to give a boost to their voice via the federal judiciary.  Yet here relief that could hold promise for principled and timely decision on predictable future cases involving the same parties received a summary rejection by the district court which could see no purpose to relief.  As I think declaratory relief would have served a positive purpose to make timely decision by EPA on future cases more likely, I respectfully dissent.  That such

relief would likely be helpful is brought into prominent view when we consider that our court, only six years ago confronted an identical situation and concluded that EPA's actions constituted a "consistent pattern of delay by the EPA." *Rosemere Neighborhood Ass'n v. U.S. Envtl. Prot. Agency*, 581 F.3d 1169, 1175 (9th Cir. 2009). In response to the actions of the plaintiffs in that case, EPA indicated that it was hiring additional staff and adjusting its procedures in order to eliminate future delays. *Id.* at 1173 n.3. Yet, despite that, the record shows that EPA had failed to remedy the delay as late as 2012, and was still responding to the median new complaint nearly six months after the 180 day deadline. Because such delays were commonplace, and the scope of the delay in the instant case was plainly excessive, where the plaintiff's claims were resolved 17 years after filing, but only 13 months after plaintiffs had brought suit, the plaintiffs here were entitled to more than the conclusion that the declaratory relief they sought served "no useful purpose." Much of the business of the United States rests on the shoulders of federal administrative agencies, and our system will not function properly if they delay decisions for nearly two decades, deciding matters only after prompted by litigation.