IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 93-5635
Summary Calendar
_____

HOME INSURANCE COMPANY,

Plaintiff-Appellant,

VERSUS

DAVID F. TOWNSEND,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(92-CV-801)

_____
(April 27, 1994)

Before GARWOOD, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]


The plaintiff, Home Insurance Company ("Home"), filed this action on the basis of diversity of citizenship, seeking rescission of professional liability policies on the ground that the defendant, attorney David Townsend, had made misrepresentations in his application. The company moved for summary judgment. The district court construed the suit as one for declaratory judgment, denied summary judgment, and exercised its perceived dis-

   [*] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

cretion to deny declaratory relief. We vacate and remand.[1]

In its Memorandum Ruling, the district court stated that "Home applied to this court for declaratory relief on the issue of coverage and duty to defend." This is error. Home plainly asks for rescission: Count I of the complaint is entitled "Rescission of the 1990 Policy," and Count II is entitled "Rescission of the 1992 Policy." As its jurisdictional basis, Home mentions only the diversity statute, not the declaratory judgment statute. With its complaint, Home tenders its received premiums into the court registry and asks that the policies "should be rescinded and should be held null and void ab initio."

The only mention of any term derived from the root word "declare" is in the prayer, wherein Home "further prays that after due proceedings are had that there be judgment herein in favor of [Home], and against Townsend, _declaring_ [the policies] rescinded and made null and void ab initio, . . . and for all equitable and general relief." (Emphasis added.) Absolutely no mention is made of coverage or duty to defend.

Read in the context of the entire complaint, the word "declaring" cannot reasonably be interpreted as transforming this case from a diversity action to rescind into a declaratory judgment action. Accordingly, any deference, in the nature of abuse of discretion, accorded a district court in deciding whether to entertain a declaratory judgment action does not pertain here.

---

[1] The appellee has not filed a brief on appeal, despite notice and warning from the clerk.

Home asks that we decide the motion for summary judgment on appeal, in the first instance. We conclude, however, that, although determination of the motion may involve purely questions of law, the district court should have the opportunity to rule, unburdened by any misconception that Home seeks declaratory relief. We also observe that the district court may not have ruled on certain motions to intervene; we leave it to that court to decide those matters, as it deems appropriate.

The judgment is VACATED, and this matter is REMANDED for further proceedings.