113 F.3d 161
 97 Cal. Daily Op. Serv. 3324, 97 Daily Journal
D.A.R. 5753
FIRST STATE INSURANCE COMPANY, Plaintiff-Counter-Defendant-Appellant,
v.
CALLAN ASSOCIATES, INC., a corporation,
Defendant-Counter-Claimant-Appellee.
 No. 96-15487.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 16, 1997.
Decided May 6, 1997.
 
 Richard de Saint Phalle, Oakland, CA, and K. Todd Shollenbarger, Buchalter, Nemer, Fields & Younger, San Francisco, CA, for plaintiff-counter-defendant-appellant First State Insurance Company.
 James A. Richman and Paul A. Renne, Cooley, Godward, Castro, Huddleson & Tatum, San Francisco, CA, for defendant-counter-claimant-appellee Callan Associates, Inc.
 Appeal from the United States District Court for the Northern District of California, Wayne D. Brazil, Magistrate Judge, Presiding. D.C. No. CV 94-02532-WDB/ENE.
 Before: WIGGINS, JOHN T. NOONAN, Jr., and TROTT, Circuit Judges.
 NOONAN, Circuit Judge:
 
 
 1
 First State Insurance Company (First State) appeals the dismissal of its suit against Callan Associates, Inc. (Callan), by the district court. The case involves one more variation of the problem where an insurance company seeks to invoke federal diversity jurisdiction in a dispute with its insured. Although occasionally stigmatized as "forum shopping," the desire for a federal forum is assured by the constitutional provision for diversity jurisdiction and the congressional statute implementing Article III. While federal courts already sustain a heavy burden of litigation, their doors cannot be closed to a suitor who qualifies under the rigorous criteria for federal jurisdiction. In the proper case, as this one has turned out to be, the obligation to exercise jurisdiction is "virtually unflagging." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). Accordingly, we reverse the district court and remand.
 
 PROCEEDINGS
 
 2
 On July 19, 1994, First State, a Delaware corporation with its principal place of business in Massachusetts, brought this suit against Callan, a California corporation with its principal place of business in California. The complaint stated that Callan was a defendant in Kansas Public Employees Retirement System v. Callan Associates Inc., et al. (KPERS action), in the Third Judicial District of Kansas; that Callan contended that a policy issued by First State provided Callan with coverage in that action; and that for a variety of reasons, including the failure of Callan to disclose pertinent information in applying for the policy, there was no coverage from First State. Callan responded by counterclaiming for breach of contract and for violation of the covenant of good faith and fair dealing. Subsequently, Callan moved the court to decline jurisdiction over the First State suit or, in the alternative, to stay the suit pending the outcome of the KPERS action.
 
 
 3
 On April 15, 1995, United States District Judge Stanley A. Weigel, explicitly exercising his discretion as to jurisdiction over declaratory judgment actions brought under 28 U.S.C. § 2201(a), held that two of the issues raised by First State would require the court to adjudicate facts at issue in the KPERS action. He declined to exercise jurisdiction as to those issues. At the same time, he observed that the other issues, namely whether Callan was aware of potential litigation prior to the issuance of the policy and whether Callan failed to disclose the possibility of a lawsuit in its policy application, could be adjudicated without involving any facts at issue in the KPERS action. Accordingly, he denied the motion to decline jurisdiction as to those issues.
 
 
 4
 On September 28, 1995, the parties stipulated in accordance with 28 U.S.C. § 636(c) to "waive their rights to proceed before a judge of the United States District Court" and consented to have a magistrate judge "conduct any and all further proceedings in the case."
 
 
 5
 On November 15, 1995, the parties submitted a Joint Case Management Conference Statement (Statement). Callan continued to maintain that Judge Weigel's decision to retain jurisdiction was wrong and cited two recent cases in support of this contention: American Nat'l Fire Ins. Co. v. Hungerford, 53 F.3d 1012 (9th Cir.1995), and Employers Reinsurance Corp. v. Karussos, 65 F.3d 796 (9th Cir.1995). Under the Statement's subheading of "Legal Issues on Plaintiff's Claims," the issue was stated as "Whether Callan's concealing or misrepresenting its awareness of circumstances which could give rise to a claim voids coverage." Three pages of the 17-page memorandum were devoted to this claim. Under the heading "Identification of Issues In Dispute," First State framed the issue as follows: "[I]s First State entitled to rescind the policies?"
 
 
 6
 On December 15, 1995, the magistrate judge asked for briefing on the jurisdictional question. In its brief First State noted "the lack of any overriding state interest in rescission of a commercial contract." It also noted the continued presence of Callan's counterclaims that were not subject to discretionary dismissal.
 
 
 7
 On February 2, 1996, the magistrate judge issued an order declining to exercise jurisdiction. He noted that the two cases cited by Callan had come down after Judge Weigel's initial decision. He found them controlling and found that there were no "exceptional circumstances" justifying his retention of jurisdiction. He dismissed First State's suit, indicating that Callan should promptly dismiss its counterclaims. Callan did so. First State appeals the dismissal.
 
 ANALYSIS
 
 8
 A preliminary question is whether the magistrate judge had the power to reverse the district judge's jurisdictional ruling, especially because the two Ninth Circuit cases on which Callan and the magistrate judge relied were decided prior to September 28, 1995, and therefore might properly have been bought to the district judge's attention before he referred the case to the magistrate judge. We need not, however, decide this difficult question of the relation of magistrate judge to district judge because a clearer basis for decision exists.
 
 
 9
 The action, as it developed, was an action for rescission rather than merely for declaratory judgment. Rescission was implicit as a remedy in the complaint. Rescission became explicit as First State's objective in the Joint Case Management Conference Statement. We go beyond the pleadings and look at the case as it was presented to the magistrate judge. See Fed.R.Civ.P. 16(e).
 
 
 10
 First State offered a basis for rescission that, if proved, entitled it under applicable California law to void the contract. Montrose Chem. Corp. of Cal. v. Admiral Ins. Co., 10 Cal.4th 645, 42 Cal.Rptr.2d 324, 352-53, 913 P.2d 878, 907 (1995) (concealment, "whether intentional or unintentional, entitles the injured party to rescind insurance") (quoting Cal.Ins.Code § 331). An action to rescind an insurance contract is distinct from an action merely to interpret an insurance contract. Home Ins. Co. v. Townsend, 22 F.3d 91, 92 (5th Cir.1994). Hungerford and Karussos were inapplicable. First State had a statutory right under the diversity statute to pursue its claim in the federal district court and the district court had a "virtually unflagging" obligation to exercise jurisdiction. Colorado River, 424 U.S. at 817, 96 S.Ct. at 1246.
 
 
 11
 Accordingly, we REVERSE and REMAND.