MAUI LAND & PINEAPPLE CO., Plaintiff,

v.

OCCIDENTAL CHEMICAL CORP., et al., Defendants.

No. Civ. 97–01607 ACK.

United States District Court, D. Hawai'i.

Sept. 9, 1998.

---

Stephen M. Teves, Tom & Petrus, Honolulu, HI, for Maui Land & Pineapple Company, Inc.

Carla M. Nakata, Paul Johnson Park & Niles, Wailuku, HI, Stephen C. Lewis, San Francisco, CA, for Occidental Chemical Corporation.

### ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

KAY, Chief Judge.

### BACKGROUND

Plaintiff Maui Land & Pineapple Company, Inc., ("Plaintiff") filed this action in state court against Defendant Occidental Chemical Corporation ("Defendant") and various Doe parties seeking a declaration that it need not provide defense costs or indemnification to Defendant regarding an action filed in the Second Circuit Court of the State of Hawaii entitled *Board of Water Supply of the County of Maui v. Shell Oil Company, et al.,* Civ. No. 96–0370(1). On December 9, 1997, Defendant removed this action to federal court. On the same day, Defendant filed a counterclaim against Plaintiff seeking a declaration that Plaintiff is required to provide defense costs and indemnification in the *Board of Water Supply* action.

On June 22, 1998, Magistrate Judge Yamashita issued an Order granting Plaintiff's motion to remand this case to state court. On June 25, 1998, Defendant filed an appeal and a memorandum in support thereof. On July 6, 1998, Plaintiff filed a response. On July 9, 1998, Defendant filed a supplemental statement in support of its appeal. On July 13, Plaintiff sent a letter to the Court in response to Defendant's supplemental statement.

### STANDARD OF REVIEW

A motion for remand is a nondispositive pretrial matter because it does not terminate the litigation or dispose of any claim. *See Bearden v. PNS Stores, Inc.,* 894 F.Supp. 1418, 1419 (D.Nev.1995). Under Local Rule 74.1, the district court may set aside a magistrate's order regarding any nondispositive, pretrial matter if that order is clearly erroneous and contrary to law. *See also* 28 U.S.C. § 636(b)(1) (magistrate judges are authorized to hear and determine pretrial matters).

## DISCUSSION

The issue on this appeal is whether the Court may, in its discretion, decline to exercise jurisdiction over this action. There is no dispute that there is subject matter jurisdiction based upon diversity jurisdiction. Judge Yamashita concluded, however, that this case should be remanded to state court because it involves exclusively claims for declaratory relief regarding issues of state law and that there is a related law suit in state court.

 Defendant appeals on two grounds. First, it argues that Plaintiff's claim is not a claim for declaratory relief but instead a claim for recission. Second, even if Plaintiff seeks only a declaratory judgment, Defendant's counterclaim for breach of contract establishes an independent cause of action that requires the Court to exercise jurisdiction. Defendant correctly notes that the Court does not have discretion to refuse to hear a claim independent of a claim for declaratory judgment. *See Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir.1991). As discussed below, however, the Court finds that Judge Yamashita properly concluded that there is no claim in this action that is independent of the parties' claims for declaratory judgment.

### A. Plaintiff's Claim

Defendant argues that Plaintiff's claim is not merely a claim for declaratory judgment because implicit in Plaintiff's claim is the remedy of recission of their contract. Defendant relies on *First State Ins. Co. v. Callan Assoc.*, 113 F.3d 161 (9th Cir.1997). In that case, the plaintiff sought a declaration that it was not required to provide coverage to the defendant who was being sued in another action because the defendant allegedly did not disclose pertinent information to the plaintiff. *Id.* at 162. The plaintiff in that action stated in its Case Management Conference Statement that it sought recission of its contract with the defendant. *Id.* The court concluded, "The action, as it developed, was an action for rescission rather than merely for declaratory judgment.... We go beyond the pleadings and look at the case as it was presented to the magistrate judge." *Id.* at 163. The court further noted that the plaintiff alleged a basis for rescission. *Id.*

In this case, unlike in *First State*, Plaintiff has not stated that it seeks rescission of a contract, and, in fact, it does not. Plaintiff and Defendant entered into a contract regarding the sale of a pesticide. In that agreement, Plaintiff agreed to indemnify and provide a defense to Defendant in actions based upon the use of the pesticide. The agreement also recited certain known risks associated with the use of the pesticide; these risks did not include contamination of ground water. The *Board of Water Supply* action is based upon allegations of contamination of ground water, and Plaintiff argues that the agreement does not include coverage for that action because Defendant knew of the risk of contamination of ground water but did not disclose it to Plaintiff when Plaintiff entered into the agreement. Thus, Plaintiff argues that the agreement does not cover claims involving contamination of ground water, but Plaintiff does not seek rescission of the entire agreement. It was not clear error, therefore, for Judge Yamashita to conclude that Plaintiff's claim is essentially one for declaratory judgment regarding contract rights.

### B. Defendant's Counterclaim

 Defendant also argues that the Court has no discretion to remand this case because Defendant has filed a counterclaim for breach of contract. Judge Yamashita disagreed, stating that Defendant's counterclaim "does not contain a separate claim for breach of contract. Any claim for monetary relief by [Defendant] is totally dependent upon it prevailing on its declaratory relief claim." Order at 3. The Court finds no clear error in Judge Yamashita's conclusion.

In *Employers Reinsurance Corp. v. Karussos*, the Ninth Circuit addressed a similar argument. 65 F.3d 796, 801 (9th Cir.1995), *overruled on other grounds, Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1227 (9th Cir.1998). In that case, an insurance company sought a declaration that it was not required to provide a defense and indemnification to one of the defendants regarding another law suit. *Id.* at 798. The plaintiff insurance company also sued another insurance company for the defense costs it

had incurred. *Id.* The parties argued that the action was not one for declaratory judgment but monetary relief. The court rejected this argument, stating that the plaintiff's "request for an order granting monetary relief is dependent on the district court's first favorably resolving its claim for declaratory relief." *Id.* at 801. The court explained that the court would need first to conclude that the plaintiff was required to defend the individual defendant before the plaintiff could receive reimbursement from the defendant insurance company for costs the plaintiff had already incurred. *Id.; see also Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 755–56 (9th Cir.1996), *overruled on other grounds, Dizol*, 133 F.3d at 1227.

This case is similar to *Karussos.* Defendant's claims for monetary relief may be addressed only if the Court rules against Plaintiff and in favor of Defendant on their declaratory relief claims. Defendant seeks to distinguish *Karussos* on the grounds that it involved insurance companies, but the Court finds this is a distinction without significance: there is no reason why a claim brought against an insurance company should be classified as a claim for declaratory judgment but the same type of claim brought against a different company would be classified as an independent claim for monetary relief.

Defendant also cites *Dizol*, in which the Ninth Circuit stated, "[W]hen other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." 133 F.3d at 1225. Following *Dizol*, the Ninth Circuit in *Snodgrass v. Provident Life and Accident Ins.* found that that case involved independent claims for monetary relief because, in addition to declaratory relief, one party sought damages for breach of con-

tract, violation of Washington State insurance and consumer laws, negligence and intentional infliction of emotional distress. 147 F.3d 1163, 1166, 1167 (9th Cir.1998).[1]

Neither *Dizol* nor *Snodgrass* overrule *Karussos'* holding with respect to whether there is an independent claim when one party has a breach of contract claim seeking the relief that is the subject of the declaratory relief claim. In *Snodgrass*, there were many claims in addition to the breach of contract claim, and the court did not address whether a breach of contract claim alone, if seeking only the relief that is the subject of the declaratory judgment claim, would constitute an independent claim for monetary relief. In fact, the *Snodgrass* court specifically distinguished *Karussos*, stating, "*Karussos* does not control where, as here, independent claims for monetary relief are joined with a request for declaratory judgment." 147 F.3d 1163, 1998 WL 372731, at *4 n. 3. A breach of contract claim may constitute a claim independent of a declaratory judgment claim, but the relief sought must be different than merely the performance of the contract that is the subject of the declaratory judgment claim. Here, Defendant seeks defense costs and reimbursement that it is allegedly owed under the contract; thus, its claim does not differ from a declaration that Plaintiff owes such a duty under the contract. If, on the other hand, Defendant had sought damages resulting from a failure to perform the contract, then there would be an independent claim.[2]

### C. *Brillhart* Factors

██ Given that the claims involved in this suit are exclusively claims for declaratory judgment, the Court may, in its discretion, decline to exercise its jurisdiction. *See, e.g., Chamberlain*, 931 F.2d at 1366. Defendant does not dispute that, if the claims in this

---

1. Plaintiff states that Defendant improperly submitted a supplemental memorandum to the Court arguing the *Snodgrass* requires the Court to reverse Judge Yamashita's Order. In light of the Court's conclusion that Judge Yamashita's Order is proper under *Snodgrass*, the Court need not address the propriety of Defendant's supplemental memorandum.

2. Defendant has included in its counterclaim a request for "compensatory damages in an amount to be proven at trial." Defendant has given no indication, however, that it has incurred damages other than the payment of defense costs to which it argues it is entitled under its contract with Plaintiff.

 

case constitute solely claims for declaratory judgment, then the Court should refrain from exercising its jurisdiction. The Court will, however, briefly state why this conclusion is proper.

In deciding whether to exercise jurisdiction over a claim for declaratory relief, the Ninth Circuit has stated that "[t]he *Brillhart [v. Excess Ins. Co. of America,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)] factors remain the philosophic touchstone for the district court." *Dizol,* 133 F.3d at 1225. The court summarized these factors as follows: "The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." *Id.* These factors are not exhaustive. *Id.* at 1225 n. 5. The court continued, "If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." *Id.* at 1225.

■ In this case, it is clear that the Court should decline to exercise its jurisdiction. There is a parallel state proceeding, *Board of Water Supply,* which is the subject of this suit. There are likely to be several issues that overlap between the state court suit and this one. For instance, the basis of Plaintiff's claim is that Defendant knew that the relevant pesticide may contaminate groundwater. The state court suit is likely to involve the issue of Defendant's knowledge and the likelihood that the pesticide contaminates groundwater. Even if Plaintiff is not a party to the state court suit, that suit is considered parallel because it involves that same subject matter. *See Golden Eagle,* 103 F.3d at 754 (concluding that, although the plaintiff is not a party to the related state case and the issues differ between the federal and state cases, the state case is a parallel case because "the state proceedings arise from the same factual circumstances"). In addition, the issues in this case are issues of state law. Under these circumstances, the Ninth Circuit has stated that a district court should decline to exercise its jurisdiction. *See, e.g., Golden Eagle,* 103 F.3d at 756; *Karussos,* 65 F.3d at 799–800.

## CONCLUSION

For the foregoing reasons, Magistrate Judge Yamashita's June 22, 1998, Order is AFFIRMED.

IT IS SO ORDERED.