Robert E. KEOWN, Plaintiff,

v.

TUDOR INSURANCE COMPANY, a New Hampshire Corporation, Defendant.

Civil No. 08–00041 JMS/KSC.

United States District Court, D. Hawai'i.

May 30, 2008.

Alan Van Etten, Klevansky Piper Van Etten, LLP, Honolulu, HI, Bridget Gallagher Morgan, Klevansky Piper Van Etten, LLP, Honolulu, HI, for Plaintiff.

Amanda J. Weston, John H. Price, Honolulu, HI, James L. Wraith, Selvin Wraith Halman LLP, Oakland, CA, for Defendant.

***ORDER AFFIRMING MAGISTRATE JUDGE CHANG'S APRIL 17, 2008 FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR REMAND***

J. MICHAEL SEABRIGHT, District Judge.

## I. *INTRODUCTION*

Plaintiff Robert Keown ("Plaintiff"), a realtor, filed this action in Hawaii state court against his professional liability insurer, Tudor Insurance Company ("Defendant"), seeking a declaration that Defendant is obligated to defend and indemnify Plaintiff in a separate Hawaii state action that names Plaintiff as a defendant. Defendant removed the action to this court, and Plaintiff now seeks remand.

On April 17, 2008, United States Magistrate Judge Chang entered his Findings

and Recommendation to Grant Plaintiff's Motion for Remand ("April 17, 2008 F & R"), finding that the court should decline jurisdiction because this declaratory judgment action implicates unresolved state law issues. On May 2, 2008, Defendant filed Objections, arguing that April 17, 2008 F & R erred in finding that (1) the Complaint alleges a claim for declaratory relief only, and (2) insurance coverage disputes cannot be heard in federal court. Based on the following, the court AFFIRMS the April 17, 2008 F & R.

## II. *BACKGROUND*

On January 11, 2005, Honpa Hongwanji Mission of Hawaii ("Honpa") filed a complaint in the Circuit Court of the Fifth Circuit, State of Hawaii (the "Honpa action") against Plaintiff and the Koloa Early School (the "Early School"). The Honpa complaint makes the following allegations: Plaintiff is a director of the Early School, and on its behalf negotiated and agreed to basic terms of a co-tenancy arrangement between Honpa and the Early School for certain real property located in Koloa, Kauai (the "subject property"). Pl.'s Mot. Remand, Ex. A. ¶ 10. Later, Plaintiff, "acting as Principal Broker/Broker-in-Charge," represented both parties in negotiations with the Seller, and prepared the Deposit Receipt Offer and Acceptance ("DROA"). *Id.* ¶ 12. Honpa and the Early School purchased the subject property without agreeing how to document ownership of the subject property, and without an agreed-upon written co-tenancy agreement. *Id.* ¶¶ 14–15. After the purchase, a mortgage was filed on the subject property, identifying Plaintiff as mortgagee of an undivided ½ interest in the subject property. *Id.* ¶ 19. The Honpa complaint includes two claims: (1) for a partition of the subject property and a declaration that Honpa's interest is not encumbered by Plaintiff's mortgage; and (2) a negligence claim against Plaintiff for breach of duty of care in representing Honpa in the purchase of the subject property. *Id.* ¶¶ 34–35.

At the time of these transactions, Plaintiff had a professional liability insurance policy for his real estate business from Defendant, naming as the insured Bob Keown, Ltd. DBA Makai Properties, and Robert E. Keown, "acting within the scope of his duties as a past or present . . . principal . . . or employee of the Insured." *See* Pl.'s Mot. Remand, Ex. D at 2. On February 1, 2005, Plaintiff forwarded the Honpa complaint to Defendant to determine whether it "can provide legal representation to Mr. Keown." Pl.'s Mot. Remand, Ex. B. On February 8, 2005, Defendant rejected Plaintiff's claim for the following reasons:

> As noted in the Complaint, it is alleged that you are serving as an officer and/or director of the co-defendant Early School and, as such, Exclusion G. otherwise would preclude coverage for this matter. Please also note that Exclusion N. also precludes coverage for your services and/or capacity as an officer or director of a business enterprise not named in the Declarations.

Pl.'s Mot. Remand, Ex. C at 3. On April 20, 2007, Plaintiff requested that Defendant reconsider its decision, especially in light of caselaw from various jurisdictions which supports that the insurance exclusions should not apply where Plaintiff's status as a director of the Early School is not directly implicated in the Honpa action. Pl.'s Mot. Remand, Ex. D, at 25–32. On July 20, 2007, Defendant reaffirmed its rejection of Plaintiff's claim.

On December 17, 2007, Plaintiff filed a Complaint for declaratory relief against Defendant in the State of Hawaii Circuit Court of the Fifth Circuit. Plaintiff seeks

a declaration of his rights to indemnity and defense from Defendant regarding the Honpa action, as well as attorneys' fees and costs. On January 28, 2008, Defendant removed the action on the basis of diversity, 28 U.S.C. § 1332(a). On February 27, 2008, Plaintiff filed a Motion for Remand, which Magistrate Judge Chang recommended be granted in his April 17, 2008 F & R.[1] On May 2, 2008, Defendant filed its Objections to the April 17, 2008 F & R, and Plaintiff responded on May 12, 2008.

### III. STANDARD OF REVIEW

Plaintiff asserts that the court should apply a de novo standard of review to his Motion for Remand.[2] The Ninth Circuit has not considered this issue, but "several circuits have held that a motion to remand is to be treated as a dispositive motion." *McClelland v. Merck & Co.*, 2007 WL 178293, at *1 (D.Haw. Jan. 19, 2007) (citing cases). Given the present state of the law, the court treats the motion to remand as a dispositive motion. *See Sylvester v. Menu Foods, Inc.*, 2007 WL 4291024, at *2 (D.Haw. Dec. 5, 2007) (applying a de novo standard of review because the magistrate judge crafted the decision as a findings and recommendation, a decision to remand would effectively remove the case from the court, and a de novo review would be most beneficial to defendant); *McClelland*, 2007 WL 178293, at *1; *Ortiz v. Menu Foods*, 525 F.Supp.2d 1220, 1222 (D.Haw.2007).

█ Pursuant to Federal Rule of Civil Procedure 72(b), 28 U.S.C. § 636(b)(1)(B), and Local Rule 74.2, the court must apply a de novo standard of review to a magistrate judge's case dispositive order. Spe-

cifically, the district court must make a de novo determination of those portions of the magistrate judge's report to which an objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir.2006).

### IV. DISCUSSION

Defendant raises the following two objections to the April 17, 2008 F & R: (1) the Complaint includes an independent claim for monetary relief, over which the court has mandatory jurisdiction, Def.'s Obj. 8; and (2) the April 17, 2008 F & R improperly concluded that insurance coverage disputes cannot be heard in federal court. Def.'s Obj. 3. The court rejects both these arguments.

### A. Plaintiff's Request for Attorneys' Fees and Costs

█ The Ninth Circuit applies "the principle that 'when other claims are joined with an action for declaratory relief (*e.g.*, bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief.'" *United Nat'l Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1112 (9th Cir.2001) (*quoting Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir.1998) (en banc)). Despite this general rule, the presence of claims for monetary

---

1. The Honpa action settled after Plaintiff filed his Motion for Remand, but before the April 17, 2008 F & R. The April 17, 2008 F & R took this new fact into account in making its recommendation.

2. Defendant does not address what standard of review the court should apply.

relief does not require the district court to accept jurisdiction where the action is "primarily declaratory in nature." *See id.* (*citing Employers Reinsurance Corp. v. Karussos,* 65 F.3d 796 (9th Cir.1995) *and Golden Eagle Ins. Co. v. Travelers Co.,* 103 F.3d 750 (9th Cir.1996)). Rather, the court must analyze:

> whether the claim for monetary relief is independent in the sense that it could be litigated in federal court even if no declaratory claim had been filed. In other words, the district court should consider whether it has subject matter jurisdiction over the monetary claim alone, and if so, whether that claim must be joined with one for declaratory relief.

*Id.* at 1113.

■ The April 17, 2008 F & R applied this test and determined that Plaintiff's request for attorneys' fees is dependent on Plaintiff's claim for declaratory relief— meaning that the court's jurisdiction over this action is discretionary, as opposed to mandatory. *See* Apr. 17, 2008 F & R 12–13. Based on a de novo review, the court agrees.

The Complaint alleges that Plaintiff "is entitled to a binding declaration that [Defendant] is required to indemnify and defend [Plaintiff] in the Lawsuit and must pay for [Plaintiff's] attorneys' fees and costs in defending himself in the Lawsuit," Compl. ¶ 84, and seeks an "award of attorneys' fees and costs incurred in connection with this action, pursuant to Haw.Rev.Stat. § 431:10–242 (2007)." *Id.* at A. This provision provides:

> Where an insurer has contested its liability under a policy and is ordered by the courts to pay benefits under the policy, the policyholder, the beneficiary under a policy, or the person who has acquired the rights of the policyholder or beneficiary under the policy shall be awarded reasonable attorney's fees and the costs of suit, in addition to the benefits under the policy.

According to its plain words, § 431:10–242 requires that where the court orders the insurer to pay benefits under a policy, the insured is also entitled to attorneys' fees. Thus, § 431:10–242 does not create a separate cause of action for attorneys' fees, but instead conditions the payment of attorneys' fees and costs on the insured prevailing on its liability claim. Stated differently, the request for monetary relief could not be litigated in federal court had Plaintiff not also filed a claim for declaratory relief. *See United Nat'l Ins.,* 242 F.3d at 1112; *see also N. Pac. Seafoods, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* 2008 WL 53180, at *4 (W.D.Wash. Jan. 3, 2008) (finding that "[b]oth the second and third claims for relief actually assert a prayer for relief, necessarily dependent upon a declaration of coverage as requested in the first claim").

The court rejects Defendant's arguments that Plaintiff has stated an independent breach of contract claim separate from the declaratory judgment. As an initial matter, Defendant's argument finds no support in the Complaint, which states a single claim for declaratory relief, and does not allege a claim for breach of contract.[3] Further, Defendant's reliance on *Chamberlain v. Allstate Ins. Co.,* 931 F.2d 1361 (9th Cir.1991), for the proposition

---

**3.** Defendant makes several other unsupported and irrelevant assertions, including that Plaintiff might file a separate state law breach of contract action in the future, and Plaintiff's allegation that he is not asserting a separate claim for monetary relief is a ruse to keep litigation in Kauai. *See* Defs.' Obj. 9–10. There are no *facts* presented to support these allegations, and the court will not base its decision on what *might* occur in the future. Rather, the relevant inquiry here involves the allegations and claim in the Complaint.

that "all claims for monetary relief prevent the federal court from declining jurisdiction over an insurance declaratory judgment action," is incorrect as a matter of law. *See* Defs.' Obj. 10. *Chamberlain* does not stand for this proposition,[4] and as discussed above, *R & D Latex Corp.* sets forth the proper inquiry. Accordingly, the court finds that Plaintiff's request for attorneys' fees does not render the court's exercise of jurisdiction mandatory.

The court therefore AFFIRMS the April 17, 2008 F & R's finding that Plaintiff's request for attorneys' fees is not a separate claim requiring the court to maintain jurisdiction over this action.

**B. Needless Determination of State Law Issues**

The April 17, 2008 F & R laid out the factors for determining whether a court should decline jurisdiction, and found that while most of the factors are neutral, the factor of avoiding needless determination of state law issues weighs in favor of declining jurisdiction.[5] Upon a de novo review, the court agrees with the April 17, 2008 F & R's conclusion that it should

**4.** *Chamberlain* found that under the facts presented, the district court had mandatory jurisdiction over an insured's claim for bad faith. *See Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir.1991). Contrary to Defendant's argument, *Chamberlain's* holding is limited to its facts, and did not broadly find that any claim for monetary relief provides the court mandatory jurisdiction.

**5.** The April 17, 2008 F & R properly laid out the appropriate factors to consider from *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), and later Ninth Circuit caselaw. *Brillhart* provides that the district court should consider: (1) avoidance of needless determination of state law issues; (2) discouragement of filing a declaratory judgment action as a means of forum shopping; and (3) avoidance of duplicative litigation. The Ninth Circuit considers

decline jurisdiction to avoid determining unresolved state law issues.

A "needless determination of state law" may involve an ongoing parallel state proceeding regarding the "precise state law issue," an area of law Congress expressly reserved to the states, or a lawsuit with no compelling federal interest (*e.g.*, a diversity action). *Continental Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371–72 (9th Cir.1991) (*overruled in part on other grounds by Dizol*, 133 F.3d at 1225). "However, there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Dizol*, 133 F.3d at 1225. Rather, as explained by *Allstate Ins. Co. v. Davis*, 430 F.Supp.2d 1112, 1120 (D.Haw. 2006):

> "The concern in this factor is with unsettled issues of state law, not fact-finding in the specific case." [ *Nat'l Chiropractic Mut. Ins. Co. v. Doe*, 23 F.Supp.2d 1109, 1118 (D.Alaska 1998) (*citing Robsac Indus.*, 947 F.2d at 1371) ]. When state law is unclear, "[a]bsent a strong countervailing federal interest, the federal court should not elbow its way ... to render what may be an 'uncertain'

additional factors including whether there are parallel state proceedings, and:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225, 1225 n. 5 (9th Cir.1998).

and 'ephemeral' interpretation of state law." *Mitcheson v. Harris*, 955 F.2d 235, 238 (4th Cir.1992).

*See also Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 815–16 (6th Cir.2004) ("Where as here, there are two potential unresolved questions of state law concerning state regulated insurance contracts, this consideration weighs against exercising jurisdiction.").

The court finds that it should decline jurisdiction to avoid needlessly determining a state law issue that the Hawaii courts have yet to address. Specifically, Plaintiff seeks a declaration that Defendant is required to indemnify and defend him in the Honpa action pursuant to the terms of Plaintiff's professional liability insurance for his real estate business. Defendant has denied coverage on the basis that the Honpa action arose, at least in part, due to Plaintiff's services in acting as a director of the Early School. Pl.'s Mot. Remand, Ex. C, at 3. The court could find no Hawaii caselaw construing the scope of this type of liability insurance exclusion, and Plaintiff argues that caselaw from at least some jurisdictions supports coverage in this instance. *See* Pl.'s Mot. Remand, Ex. D, at 25–32. By granting Plaintiff's Motion for Remand, the Hawaii state courts can determine the proper scope of these exclusions.

Defendant's arguments that the April 17, 2008 F & R improperly weighed the *Brillhart* and *Dizol* factors are meritless. First, Defendant argues that the April 17, 2008 F & R misapplied the *Brillhart* factors due to an erroneous statement of law "that federal courts abstain from hearing insurance coverage disputes." Defs.' Obj. 6. Contrary to Defendant's argument, the April 17, 2008 F & R did not find that courts should abstain in insurance cases, and indeed recognized that there is no presumption in favor of abstention. *See*

Apr. 17, 2008 F & R 8. The court also rejects Defendant's argument that the court *must* exercise diversity jurisdiction where there is no duplicative litigation between the parties. *See* Def.'s Obj. 5. The concern of duplicative litigation is a factor separate from the court's determination that it should decline jurisdiction to avoid a needless determination of these unresolved state law issues.

The court therefore AFFIRMS the April 17, 2008 F & R's finding that avoiding the needless determination of state law issues weighs in favor of remand. The court further agrees with the April 17, 2008 F & R's determination that the other *Brillhart* and *Dizol* factors are neutral, but the concern for needless determination of state law issues, on its own, provides just reason for the court to decline jurisdiction over this action. The court therefore AFFIRMS the April 17, 2008 F & R's conclusion that the court should decline jurisdiction.

## V.  *CONCLUSION*

For the reasons stated above, the court AFFIRMS the April 17, 2008 F & R, and further ORDERS that this case be remanded to Hawaii state court.

IT IS SO ORDERED.

## *FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR REMAND*

KEVIN S.C. CHANG, United States Magistrate Judge.

Before the Court is Plaintiff Robert Keown's ("Plaintiff") Motion for Remand ("Motion"), filed February 27, 2008. On March 14, 2008, Defendant Tudor Insurance Company ("Defendant") filed its Opposition. On March 25, 2008, Plaintiff filed a Reply.

This matter came on for hearing on April 9, 2008. Alan Van Etten, Esq., and Bridget Gallagher Morgan, Esq., appeared on behalf of Plaintiff. John Price, Esq., appeared on behalf of Defendant. At the hearing, the Court granted Plaintiff's counsel leave to file a Supplemental Declaration to inform the Court about whether the related state action has settled. On April 16, 2008, Plaintiff's counsel filed a Supplemental Declaration. After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, the Court hereby FINDS AND RECOMMENDS that the Motion be GRANTED.

## BACKGROUND

On January 11, 2005, Honpa Hongwanji Mission of Hawaii ("Honpa") filed a complaint in the Circuit Court of the Fifth Circuit, State of Hawaii, against Plaintiff and The Koloa Early School ("Early School"), wherein Honpa asserted partition and negligence claims.[1] Plaintiff, a real estate broker, represented Honpa and Early School in the purchase of a property in Koloa, Kauai ("subject property"). Plaintiff was a member of the Board of Directors of Early School.

Honpa alleges that Plaintiff breached his duty of care because he failed to document a mutually acceptable co-tenancy agreement concerning the respective ownership and use of the subject property by Honpa and Early School. Honpa and Early School entered into the DROA without a property division agreement, which ultimately created the dispute over ownership that is the subject of the underlying action. Honpa further alleges that Plaintiff was a mortgagee of an undivided one-half interest in the subject property for a principal amount of $230,000.

On February 1, 2005, Plaintiff made a tender on a professional liability insurance policy ("subject policy"). The insured under the policy is Bob Keown, Ltd. dba Makai Properties, but Plaintiff claims to be an insured because he acted within the scope of his duties as a principal or employee of the insured. The subject policy provides indemnity for losses as well as defense of claims.

Defendant rejected Plaintiff's claim on February 8, 2005, citing two exclusions:

> As noted in the Complaint, it is alleged that you are serving as an officer and/or director of the co-defendant Early School and, as such, Exclusion G. otherwise would preclude coverage for this matter. Please also note that Exclusion N. also precludes coverage for your services and/or capacity as an officer or director of a business enterprise not named in the Declarations.

Pl.'s Mot, Ex. C at 3. On April 20, 2007, Plaintiff requested that Defendant reconsider its decision. On July 20, 2007, Defendant reaffirmed its initial rejection of Plaintiff's claim.

On December 17, 2007, Plaintiff filed a Complaint in the Circuit Court of the Fifth Circuit, State of Hawaii. Plaintiff seeks a declaration of his rights under the policy issued by Defendant regarding Defendant's duty to defend and indemnify. In addition, Plaintiff requests attorneys' fees and costs incurred in the defense of the underlying action, as well as attorneys' fees and costs incurred in connection with this action pursuant to Hawaii Revised Statutes ("HRS") § 431:10–242. Defen-

---

1. The underlying action in which Plaintiff is the defendant is *Honpa Hongwanji Mission of Hawaii, a Hawaii eleemosynary corporation v. The Koloa Early School, a Hawaii non-profit* *corporation, and Robert E. Keown,* Civil No. 05–1–0005, Circuit Court of the Fifth Circuit, State of Hawaii.

dant removed the action on January 28, 2008 on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a). Plaintiff subsequently filed the instant Motion.

## DISCUSSION

■ Plaintiff moves to remand this action to the Circuit Court of the Fifth Circuit, State of Hawaii, pursuant to 28 U.S.C. § 1447(c).[2] He requests that the Court abstain from exercising its jurisdiction over the present declaratory action because the Court's exercise of jurisdiction is discretionary. Defendant counters that the Court should retain jurisdiction because Plaintiff's request for reimbursement of the defense costs expended in connection with the underlying action is an independent claim arising under state law even though it is not pled as a separate cause of action. Defendant posits that the declination of jurisdiction over this action would create duplicative litigation because the Court would arguably retain jurisdiction over the reimbursement claim.

■ As an initial matter, the Court notes that it has subject matter jurisdiction over the present action.[3] "Subject matter jurisdiction is a necessary predicate to the issuance of a declaratory judgment," so the question of whether to exercise discretionary jurisdiction only arises if subject matter jurisdiction can be established. United Nat'l Ins. Co. v. R & D Latex Corp., 242 F.3d 1102, 1107 (9th Cir.

2001) (citing American Cas. Co. v. Krieger, 181 F.3d 1113, 1118 (9th Cir.1999)); Krieger, 181 F.3d at 1118 (noting that diversity of citizenship was the independent basis for jurisdiction in the district court). Insofar as subject matter jurisdiction exists, the Court may evaluate the discretionary jurisdiction issue presented in this Motion.

■ The Declaratory Judgment Act ("DJA"), codified at 28 U.S.C. § 2201(a), provides in relevant part:

> any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). The Court has the discretion "to determine whether it is 'appropriate' to grant jurisdiction in a declaratory relief action based in diversity." Gov't Employees Ins. Co. v. Dizol, 176 F.Supp.2d 1005, 1017 (D.Haw.2001) (citing Wilton v. Seven Falls Co., 515 U.S. 277, 288–89, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995)); see also Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d 800, 803 (9th Cir.2002) (The "decision whether to exercise jurisdiction over a declaratory action lies in the sound discretion of the district court."). "[T]here is no presumption in favor of abstention in declaratory actions

---

2. The Court notes that "[s]ection 1447(c) governs only 'ordinary' remands, that is, remands 'based on lack of subject matter jurisdiction or defects in removal procedure.'" Snodgrass v. Provident Life and Acc. Ins. Co., 147 F.3d 1163, 1165 (9th Cir.1998) (citation omitted). A remand pursuant to the discretionary jurisdiction provision of the Declaratory Judgment Act is an "exceptional," not "ordinary," remand. Id.

3. Plaintiff does not challenge the existence of diversity jurisdiction. District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a). In the Notice of Removal, Defendant represented that the amount in controversy exceeded $75,000; that Plaintiff is a citizen of Hawaii; and that it is a citizen of New Hampshire and New Jersey. See Notice of Remand at ¶¶ 3–5.

generally, nor in insurance coverage cases specifically." *Id.* at 1225; *Huth,* 298 F.3d at 803. In fact, insurers are not "barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage." *Gov't Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1225 (9th Cir.1998) (quoting *Aetna Cas. & Sur. Co. v. Merritt,* 974 F.2d 1196, 1199 (9th Cir.1992)) (quotations omitted).

The Court's discretion is governed by the factors enunciated in *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942): 1) avoidance of needless determination of state law issues; 2) discouragement of the filing declaratory actions as a means of forum shopping; and 3) avoidance of duplicative litigation. *Dizol,* 133 F.3d at 1225. Additionally, the Ninth Circuit considers whether there is a parallel state proceeding.[4] *Phoenix Assurance PLC v. Marimed Found. for Island Health Care Training,* 125 F.Supp.2d 1214, 1219 (D.Haw.2000); *see also Dizol,* 133 F.3d at 1225.

Before the Court considers the *Brillhart* and/or other factors, it is necessary to determine whether Plaintiff's Complaint includes claims independent of the declaratory relief sought, which would render the exercise of jurisdiction mandatory. Defendant characterizes Plaintiff's request for fees and costs associated with Defendant's duty to indemnify and defend as a claim for reimbursement, i.e., an independent claim arising under state law grounded in principles of breach of contract and the equitable doctrine of restitution.[5] Plaintiff maintains that his action is purely declaratory in nature and that his prayer for reimbursement of defense costs is not an independent action, but would be the natural result of a declaration that Defendant is required to defend Plaintiff in the underlying action.

■ District courts should not, as a general rule, remand or decline to entertain claims for declaratory relief when the declaratory action joins other claims (i.e., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief). *United Nat'l,* 242 F.3d at 1112 (citing *Dizol,* 133 F.3d at 1225; *Chamberlain v. Allstate Ins. Co.,* 931 F.2d 1361 (9th Cir.1991); *Maryland Cas. Co. v. Knight,* 96 F.3d 1284 (9th Cir.

---

4. The Court may also consider factors such as:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Dizol,* 133 F.3d at 1225 n. 5 (quoting *American States Ins. Co. v. Kearns,* 15 F.3d 142, 145 (9th Cir.1994) (J. Garth, concurring)) (quota-

tions omitted); *Principal Life Ins. Co. v. Robinson,* 394 F.3d 665, 672 (9th Cir.2005).

5. Defendant relies on *United National* for this proposition. However, *United National* is distinguishable. First, it involved a counterclaim for reimbursement. *United Nat'l,* 242 F.3d at 1113. Here, Plaintiff did not assert a separate claim for reimbursement. Second, the court relied on a California Supreme Court case, which recognized an insurance company's right to seek reimbursement for defense costs expended in underlying litigation, in holding that the claim was probably sufficiently independent to trigger mandatory federal jurisdiction. *Id.* at 1113–15. Plaintiff in this case is the insured, not the insurer. Moreover, Defendant has not presented any Hawaii cases recognizing reimbursement claims for insureds.

1996); *St. Paul Fire & Marine Ins. Co. v. F.H.,* 117 F.3d 435 (9th Cir.1997); *Snodgrass,* 147 F.3d 1163). "If a federal court is required to determine major issues of state law because of the existence of non-discretionary claims, the declaratory action should be retained to avoid piecemeal litigation." *Dizol,* 133 F.3d at 1225, 1226. Thus, the Court must ascertain "whether there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case." *Snodgrass,* 147 F.3d at 1167–68 (citing *Knight,* 96 F.3d at 1289; *Chamberlain,* 931 F.2d at 1367).

In the instant action, there are no claims independent of Plaintiff's request for declarations of his rights under the subject policy. As part of his request for declaratory relief, Plaintiff seeks a declaration that Defendant is required to indemnify and defend him in the underlying action and must pay for his attorneys' fees and costs associated with the same. Notice of Removal, Ex. 1 at ¶ 84. However, this request for monetary relief is not independent; that is, it would not exist if the request for declaratory relief dropped from the case. *See, e.g., Employers Reins. Corp. v. Karussos,* 65 F.3d 796, 800 (9th Cir.1995), *overruled on other grounds by Dizol,* 133 F.3d 1220 (disagreeing with the party's "contention that simply asking for a share of the defense costs to date transforms a declaratory relief action over which jurisdiction is discretionary into a case which the district court is obligated to hear"); *see also Golden Eagle Ins. Co. v. Travelers Cos.,* 103 F.3d 750, 755 (9th Cir. 1996), *overruled on other grounds by Dizol,* 133 F.3d 1220. Indeed, Plaintiff will only be entitled to a declaration that Defendant pay his fees and costs related to Defendant's purported duty to defend and

indemnify if he prevails on his other claims for declaratory relief. Without a declaration of rights under the subject policy, the request for a declaration that Defendant must pay for Plaintiff's attorneys' fees and costs incurred in defending against the underlying action could not exist alone. Therefore, despite the request for a declaration concerning monetary relief, the instant action is declaratory in nature, and jurisdiction remains discretionary. Accordingly, the Court shall consider the *Brillhart* factors.

### A. Needless Determination of State Law

Needless determination of state law may occur when: there are parallel state proceedings involving precise state law issues; Congress expressly reserved the area of law for the states; and there is no compelling federal interest, i.e. diversity jurisdiction. *Continental Cas. Co. v. Robsac Industries,* 947 F.2d 1367, 1371 (9th Cir. 1991), *overruled on other grounds by Dizol,* 133 F.3d 1220.

#### 1. Parallel State Proceedings

Plaintiff argues that the underlying action and the instant litigation constitute parallel proceedings because the same issues and parties are involved and there is thus a presumption that the entire suit should be heard in state court. Defendant counters that this action presents none of the legal or factual issues concerning Plaintiff's liability in the underlying action and has no bearing upon the coverage issues in the present action. Moreover, Defendant represents that the underlying action is in the process of settling.

■ Where a parallel state proceeding involving the same issues and parties exists at the same time the federal declarato-

ry action is filed,[6] there is a presumption that the declaratory action should be heard in state court. *Dizol,* 133 F.3d at 1225; *Smith v. Lenches,* 263 F.3d 972, 978 (9th Cir.2001). This is because it would ordinarily "be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal laws, between the same parties." *Dizol,* 133 F.3d at 1231 (quoting *Brillhart,* 316 U.S. at 495, 62 S.Ct. 1173).

■ The Ninth Circuit construes "parallel actions" liberally. Underlying state actions need not involve the same parties nor the same issues to be considered parallel. "It is enough that the state proceedings arise from the same factual circumstances." *Golden Eagle,* 103 F.3d at 754–55 (citing *American Nat'l Fire Ins. Co. v. Hungerford,* 53 F.3d 1012, 1017 (9th Cir. 1995), *overruled on other grounds by Dizol,* 133 F.3d 1220). Similarly, in *Employers Reinsurance Corp. v. Karussos,* the court held that it was an abuse of discretion to retain jurisdiction in contravention of the *Hungerford* rule that courts should "decline to assert jurisdiction in insurance coverage ... actions presenting only issues of state law during the pendency of parallel proceedings in state court" even though the state and federal cases raised overlapping, but not identical, factual issues, and the insurer was not a party to the state court action, 65 F.3d at 798, 800.[7]

In his Supplemental Declaration, Mr. Van Etten informed the Court that Honpa and Plaintiff have recently executed a settlement agreement in the underlying action and are in the process of exchanging the executed pages. Mr. Van Etten also represents that no stipulation to dismiss the underlying action or the claims against Plaintiff has been submitted to the court. Thus, although the underlying action has yet to be dismissed as against Plaintiff, there is no parallel state action in light of the settlement between Honpa and Plaintiff.

Whether or not the Ninth Circuit adheres to the time-of-filing rule or the time-of-motion rule,[8] the Court may appropriately take note of all existing circumstances internal to the underlying action that bear on the jurisdictional issue. *United Nat'l,* 242 F.3d at 1111. The fact that Honpa and Plaintiff have recently executed a settlement agreement is relevant

6. More recent Ninth Circuit authority indicates that the Court's evaluation is based on the circumstances existing at the time Plaintiff filed the Motion ("time-of-motion rule"), rather than at the time the complaint was filed ("time-of-filing rule"). *See United Nat'l,* 242 F.3d at 1111 (*"Krieger* suggests that the time-of-filing rule did not survive this change unaffected." 181 F.3d at 1119 ("Under *Dizol,* ... the court was entitled to evaluate the motion to [decline jurisdiction] under the circumstances existing at the time the issue was raised rather than at the time of filing [of the complaint].")).

7. By contrast, the Ninth Circuit, in *American Casualty Co. v. Krieger,* found that the district court did not abuse its discretion in deciding that the first *Brillhart* factor weighed in favor of retaining jurisdiction because "the state tort case did not involve the same legal issues as the federal declaratory action, which centered on the coverage dispute rather than liability issues," 181 F.3d at 1119. *Krieger* is still consistent with other Ninth Circuit authority because although it looked at the similarity of the *legal issues,* it did not overrule or discount the test previously employed in its precedent, which focused on the similarity of *factual issues.*

8. Under either rule, the result would likely be the same. At the time Plaintiff filed his Complaint, he and Honpa had reached a general settlement agreement in principle, but had not exchanged settlement and release language. The settlement status had not changed at the time Plaintiff filed the instant Motion.

to the Court's assessment of jurisdiction. Because the claims against Plaintiff in the underlying action have settled, and the dismissal of the claims are a mere technicality, the Court is unable to find that a parallel state action exists and there is accordingly no presumption that the case should be heard in state court. *Krieger,* 181 F.3d at 1119. Nevertheless, the presence or absence of a parallel proceeding is merely one factor to consider. *Phoenix Assurance,* 125 F.Supp.2d at 1223 (citing *Dizol,* 133 F.3d at 1225).

### 2. Area of Law Reserved for the States

■ This case involves an area of law reserved for the states. The dispute solely implicates insurance law, an area of law expressly left to the states by Congress through the McCarran–Ferguson Act. *Robsac,* 947 F.2d at 1371 (citing 15 U.S.C. §§ 1011–12 (1988)). Courts abstain from hearing declaratory judgment actions for the construction of insurance policies when "unresolved state law issues are present in a field of law where the state has shown its interest by significant legislative activity and administrative regulation." *Smith v. State Farm Ins. Co.,* 615 F.Supp. 453, 455 (D.Haw.1985) (citation omitted). This is because "[t]he states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulations." *Karussos,* 65 F.3d at 799 (citation and quotations omitted) (alteration in original).

### 3. Absence of Compelling Federal Interest

Finally, there is no compelling federal interest. Where, as here, "the sole basis of jurisdiction is diversity of citizenship, the federal interest is at its nadir." *Robsac,* 947 F.2d at 1371.

Based on the foregoing, the first *Brillhart* factor weighs heavily in favor of remand.

### B. Forum Shopping

The second *Brillhart* factor favors neither party. Plaintiff initiated the action in state court and Defendant removed the action. Defendant's removal of the action does not constitute forum shopping, as there is statutory authority to support the removal based on diversity jurisdiction. *First State Ins. Co. v. Callan,* 113 F.3d 161, 162 (9th Cir.1997) ("Although occasionally stigmatized as 'forum shopping,' the desire for a federal forum is assured by the constitutional provision for diversity jurisdiction and the congressional statute implementing Article III."). This case simply presents a situation where Plaintiff prefers state resolution while Defendant favors federal resolution. *Huth,* 298 F.3d at 804. Accordingly, the Court finds that this factor is neutral and does not weigh in favor of accepting or declining jurisdiction.

### C. Duplicative Litigation

The third *Brillhart* factor favors neither the acceptance nor declination of jurisdiction. In light of the fact that "the case will be disposed of entirely either in state or federal court, depending upon the outcome of this" Motion, and there is no presumption that the declaratory action should be heard in state court, this factor is a wash. *Huth,* 298 F.3d at 803–04.

### D. Other Factors

Plaintiff argues that the following two factors weigh in favor of declining jurisdiction: 1) whether the use of a declaratory action will result in entanglement between the federal and state court systems and 2) the convenience of the parties.

### 1. Entanglement Between Federal and State Court Systems

Plaintiff contends that the exercise of jurisdiction under the present circum-

stances would create an entanglement between federal and state court systems. Specifically, Plaintiff is concerned about Defendant's reliance on extrinsic evidence from the underlying action to deny coverage. Defendant argues that there is no disputed extrinsic evidence concerning 1) the substance of the claims against Plaintiff in the underlying action; 2) Plaintiff's status as a director for Early School; 3) Plaintiff's $230,000 loan to Early School for the purchase of the subject property; or 4) the language of the subject policy.

The Court finds that retaining jurisdiction would not create entanglement between it and the state court. Federal courts regularly and frequently adjudicate insurance declaratory actions where the facts must be gleaned from the state record. Thus, this factor is neutral.

2. *Convenience of the Parties*

Plaintiff posits that this factor strongly militates in favor of declining jurisdiction and allowing the action to proceed in state court, on the Island of Kauai. Plaintiff and Honpa representatives live on Kauai and Plaintiff represents that it would be inconvenient for them to fly to Honolulu to litigate this case. Defendant charges that Plaintiff's "inconvenience" involves less than 100 miles and pertains to venue, not selection of the forum court. Moreover, Defendant points out that its personnel will have to travel a distance of 5,500 miles to reach Hawaii.

This factor is neutral. The Court notes that travel between islands is not as convenient as Defendant may presume it to be. The distance that Plaintiff would have to travel is not significant, but the fact that air travel is the only means by which Plaintiff can come to Honolulu makes it less convenient for him to litigate in federal court than in state court. On the other hand, Defendant has to travel a significant

distance to come to Hawaii whether the case proceeds here or in state court. However, Defendant would likely fly into Honolulu, so litigating in state court would require it, like Plaintiff, to travel interisland. Accordingly, this factor does not militate in favor of declining or retaining jurisdiction.

In sum, the Court finds that while most of the foregoing factors are neutral, the first *Brillhart* factor—needless determination of state law—weighs in favor of declining jurisdiction. Consequently, remand is appropriate.

### CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that the district court GRANT Plaintiff's Motion for Remand, filed February 27, 2008.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, April 17, 2008.